STAPLE; JONES *v.* STANLEY RICHARDSON, ADMINISTRATOR, ETC.

[No. 20,128; 20,129. Filed January 11, 1966. Rehearing denied January 26, 1966. Transfer denied December 22, 1966.]

*Owen W. Crumpacker, Harold Abrahamson, Kenneth D. Reed* and *Crumpacker, Burbach & Abrahamson,* all of Hammond, for appellants.

*John Barce* and *Barce, Barce & Vann,* of Kentland, for appellee.

SMITH, P. J.—In this appeal the cases of Robert Staple v. Stanley Richardson, Administrator of the Estate of Frank Banaszak, deceased, Cause No. 20128, and of Casey Jones v. Stanley Richardson, Administrator of the Estate of Frank Banaszak, Deceased, Cause No. 20129, were briefed and submitted simultaneously pursuant to order of this Court entered on the 2nd day of March, 1964.

Both of the above actions arose out of a two car collision which occurred on State Road 54, near Homewood, Cook County, in the State of Illinois, on September 20, 1959. Appellant Casey Jones was operating a motor vehicle owned by appellant Robert Staple which collided with an automobile owned and operated by appellee's decedent, Frank Banaszak.

At the time of the collision and at all times mentioned herein appellants Robert Staple and Casey Jones were citizens and residents of the State of Illinois; and Frank Banaszak, the driver of the motor vehicle which collided with appellants' motor vehicle, was a citizen and a resident of Lake County at the time of the collision. The decedent, Frank Banaszak, was fatally injured in the collision and died in Cook County, Illinois, on September 30, 1959, ten days after the collision.

On July 7, 1961, within two years following the collision, an estate was opened for the decedent, Frank Banaszak, in the Lake Superior Court, Room No. 2, located in East Chicago, Indiana; and appellee Stanley Richardson was appointed Administrator of the estate. On August 11, 1961, both appellants filed claims against the estate for damages arising out of the collision which occurred on September 20,

1959. The claim of appellant Jones was an unliquidated claim for personal injuries which he received as a result of the collision; and the claim of the appellant Staple was an unliquidated claim for damages to his motor vehicle sustained as the result of the collision. The Administrator disallowed both claims and thereupon the same were transferred to the trial docket. Both appellants filed amended complaints; and the Administrator filed a demurrer to each of the amended complaints. Both causes of action were venued to the Newton Circuit Court at Kentland, Indiana. Following argument on the merits of the respective demurrers, the Newton Circuit Court overruled the demurrers. Thereupon the cases were venued to the Benton Circuit Court at Fowler, Indiana.

On motion, the Benton Circuit Court reconsidered the rulings on the demurrers made by the Newton Circuit Court and thereafter sustained both demurrers. Each of the appellants filed a second amended complaint; and the appellee filed a demurrer to each of the second amended complaints, which demurrers were sustained by the Benton Circuit Court. Both of the appellants refused to plead over and a judgment in favor of the appellee was entered in each case.

Each appellant assigned as error the ruling of the trial court in sustaining the demurrer to his second amended complaint.

The issue presented by the demurrer in each case is whether the second amended complaint in each case states a cause of action. The memorandum attached to each demurrer reads in pertinent part as follows:

"1.) The plaintiff's Second Amended Complaint shows on its face that the cause of action herein arose on the 20th day of September, 1959. Said complaint further shows that Frank Banaszak, the defendant herein, died on the 30th day of September, 1959. Said complaint further shows that no estate was opened for the said decedent, Frank Banaszak, until the 7th day of July, 1961, and that

the claim for damages herein sued upon was not filed until August 11, 1961.

"2.) That by reason of the failure to open an estate for Frank Banaszak within one year from the date of his death, to-wit: September 30, 1959, this claim is forever barred under the law of the State of Indiana."

The Benton Circuit Court, in sustaining the respective demurrers, determined that both causes of action were barred by limitation under Burns' Indiana Statutes, Section 7-801.

Appellants' respective actions are each based upon negligent tort and were commenced within two years from the date of the collision in question but more than one year after the tort-feasor's death.

The position of the appellee, in substance, is that each complaint disclosed on its face that the action was not commenced within the time prescribed by Indiana law, the same being one year from the date of appellee's decedent's death, and hence was barred by limitation.

In opposition to this contention of the appellee, the appellants advanced three distinct propositions, to-wit:

1. That the appellants, in their respective amended complaints, stated facts sufficient to constitute a cause of action in negligent tort;

2. That because the collision occurred in Illinois, the actions survived the death of appellee's decedent, and therefore existed only by virtue of the "survival statute" of the State of Illinois, and hence were subject to the Illinois law that prescribes the time allowed for their commencement; and

3. That even under the provisions of Section 7-801 (f) of Burns' Indiana Statutes and Section 2-602 of Burns' Indiana Statutes the respective actions were commenced within the time allowable, the same being within two years after the date of the collision.

It appears that the controlling issues evolved are as follows:

1. Where an automobile collision giving rise to a cause of action occurred in the State of Illinois and subsequently thereto, but before any action was commenced, the tort-feasor died, and an action which survived by Illinois law, was brought in Indiana where the deceased tort-feasor was domiciled, *does the law of Indiana control as to the time in which the action is required to be commenced or does the law of the State of Illinois control?*

2. Is Section 7-801 (f) of Burns' Indiana Statutes con trolling as to the time appellants are required to file their respective actions?

It is the contention of the appellants that even if the time for commencing these actions is governed by Indiana law, sub-section (f) of Burns' Indiana Statutes, Section 7-801, is applicable to the cases at bar and, therefore, appellants' respective actions were instituted in time. Pursuant to this contention the initial issue presented in this appeal is what affect, if any, would the amended section 7-801, the same being section 7-801 (f), have on appellants' respective causes of action against the appellee administrator?

The facts as disclosed by the pleadings are as follows:

On September 20, 1959, appellants' causes of action in negligent tort arose in the State of Illinois.

On September 30, 1959, the tort-feasor died.

On September 30, 1960, one year had expired following the date of the tort-feasor's death.

July 6. 1961, was the effective date of sub-section (f) of Burns' Indiana Statutes, Section 7-801.

On July 7, 1961, an estate was opened for the deceased tort-feasor, and the appellee was appointed as the administrator of said estate.

On August 11, 1961, appellants filed their respective claims against the deceased tort-feasor's estate.

On September 7, 8, 1961, the appellants' claims were dis-

allowed, and were transferred to the civil docket for trial and thereupon amended complaints were filed.

September 20, 1961, was the two year anniversary date when appellants' causes of action arose.

It is conceded by both the appellants and the appellee that the respective causes of action arose under Illinois law; that the appellee's decedent died prior to the commencement of said causes of action; that at the time of the death of the decedent he was domiciled in the State of Indiana; that no estate was opened for appellee's decedent until July 7, 1961; and that the claims, which are the bases of these actions, were filed August 11, 1961, within two years from the date on which the causes of action arose.

To properly resolve this issue it is necessary to examine the following applicable Indiana and Illinois statutes:

1. Burns' Indiana Statutes, Section 2-602 provides, in pertinent part, as follows:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

"First. For injuries to person or character, for injuries to personal property and for a forfeiture of penalty given by statute, within two (2) years: Provided, That, actions on account of injuries to personal property which occurred prior to the effective date of this amendatory act [March 7, 1951] shall be commenced within two (2) years from the effective date of this amendatory act."

2. Burns' Indiana Statutes, Section 2-403 provides, in pertinent part, as follows:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party, which shall survive only to the extent provided herein. Any action contemplated in this section or in section 6 [Section 2-402] of this act may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased."

3. Smith-Hurd Illinois Anno. Stat., Ch. 3, § 339, provides, in pertinent part, as follows:

"Actions Which Survive. In addition to actions which survive by the common law, the following also shall survive: . . . Actions to recover damages for an injury to person (except slander and libel), actions to recover damages for an injury to real or personal property. . . ."

4. Burns' Indiana Statutes 7-801 provides, in pertinent part, as follows:

"(a) all claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any sub-division thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors."

\* \* \* \* \* \*

"(d). All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one (1) year after the death of the decedent."

\* \* \* \* \* \*

"(f). Nothing in this section shall affect or prevent the enforcement of a claim arising out of tort against the estate of a deceased tort-feasor within the period of the statute of limitations provided for such tort action *and for the purpose of enforcing such a tort claim the estate of the tort-feasor may be opened or re-opened and suit filed against the special representative of the estate within the period of the statute of limitations of such tort:* Provided, however, That any recovery against the tort-feasor's estate shall not affect the distribution of the assets of the estate to the heirs, legatees, or devisees of the decedent tort-feasor unless such suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions [Acts 1953, Ch. 112, § 1401, p. 295; Acts 1961, Ch. 287, § 1, p. 702.]" Note\*

---

\* Note. Subsection (f) was added by Section 1, Chapter 287, Acts of 1961.

It is quite apparent that the Indiana General Assembly in amending Section 7-801 Burns' Indiana Statutes by adding sub-section (f) thereto, intended to remove, from the enforcement of tort claims, the condition precedent requiring the appointment of an administrator within one (1) year after the death of the tort-feasor. Such legislative action, or reaction, can only be construed as an expression of total dissatisfaction with the results which had necessarily obtained in cases which had previously been decided under the statutes, to-wit: the socially, morally and legally unjustifiable protection of a wrongdoer at the expense of the injured party.

It is the contention of the appellants that the language used in sub-section (f) of Burns' Indiana Statutes Section 7-801 clearly evinces the intent of the General Assembly that this sub-section shall apply to the enforcement of cases such as the cases at bar, which were commenced within the two (2) year period of limitation provided for such tort actions and negates a construction that it merely applies to actions which arose subsequently to the effective date of said sub-section. Section 7-801 (f) *supra,* specifically provides that: ". . . *and for the purpose of enforcing such a tort claim the estate may be opened or re-opened. . . ."*

From an examination of the record it appears that the estate of the decedent was opened the day after sub-section (f) became effective, being therefore within the period of limitations provided for tort actions. See, Burns' Indiana Statutes Section 2-602, *supra.*

It is further the contention of the appellants that the application of sub-section (f) of Burns' Indiana Statutes Section 7-801 to the cases at bar does not violate the basic tenant of public policy in Indiana which favors expediting and finalizing the uniform distribution of the property of a decedent. In support of this contention the appellants cite Burns' Indiana Statute 7-801 (f), which contains the following proviso:

"Provided, however, That any recovery against the tort-feasor's estate shall not affect the distribution of the assets of the estate to the heirs, legatees or devisees of the decedent tort-feasor unless such suit was filed within the time allowed for filing claims against the estate."

The appellants further contend that the application of subsection (f) of Burns' Indiana Statutes 7-801 to the cases at bar does not and could not constitute the taking of property without due process of law. That the heirs, legatees and devisees, if any, are protected by the above quoted proviso and there could be no other vested right in any other person or persons. That the appellee could not lay claim to a "vested right" accruing to him as a matter of defense predicated on Burns' Indiana Statutes Section 7-801 (a) (d), *supra*. To support this contention, the appellants cite the case of *Aaron* v. *City of Tipton* (1941), 218 Ind. 227, 32 N. E. 2d 88. In this case in reversing the judgment of the trial court, the Supreme Court spoke as follows:

"It is generally held that there is no vested right in a defense based upon mere formalities not affecting the substantial rights of the parties, and such a defense may be cut off by retroactive statutes. . . .

"In *Ewell* v. *Daggs* (1883), 108 U. S. 143, 151, 2 S. Ct. 408, 413, the Supreme Court of the United States in speaking of the removal of such defense, said: 'the right which the curative or repealing act takes away in such a case is the right in the party to avoid his contract, a naked legal right which is usually unjust to insist upon, and which no constitutional provision was ever designed to protect."

In further support of the proposition that the appellee did not have a "vested right" as a matter of defense, the appellants cite 16 C. J. S., Constitutional Law, Sec. 258, p. 1252, which states the following legal proposition:

"Conditions precedent to the maintenance of causes of action that have already accrued may be imposed by the legislature, where the requirements operate only as reasonable restrictions on the exercise of the right to sue, but not

where they operate as a denial or abridgment of existing rights. *Statutes imposing conditions precedent to the maintenance of an action or proceeding do not create vested rights, and statutes removing such conditions precedent may operate retrospectively without interfering with vested rights, as they affect the remedy only."* (Emphasis supplied)

The appellants further contend that Burns' Indiana Statutes, Section 7-801 (f) should be applied retrospectively for the reason that the section as amended by adding subparagraph (f) did not affect any substantive right as created by the statute. In support of this contention the appellants have cited the case of *Standard Accident Insurance Co.* v. *Miller* 170 F. 2d 495 (7th Cir. 1948), in which the Circuit Court of Appeals spoke as follows:

"It is true as a general proposition, as the Supreme Court of Indiana said in *Connecticut Mutual Life Ins. Co.* v. *Talbot,* 113 Ind. 373, 378, 14 N. E. 586, 589, 3 Am. St. Rep. 655, that statutes are to be construed prospectively, unless a contrary intent is manifested in clear and unambiguous terms. The statute as amended does not provide that it shall be applied retrospectively. . . . The 1945 amendment did not affect the substantive right granted by the statute. It changed a remedial or procedural r i g h t only, . . . The amendment clearly was intended to bring relief to one who had been given the right to sue but was confronted with the bar of the statute of limitations, by lifting the bar.

"Under such circumstances, we think the correct rule to be applied here is that laid down by the Supreme Court of Indiana in *Connecticut Mutual Life Ins. Co.* v. *Talbot, supra,* . . . 'The better rule of construction, and the rule peculiarly applicable to remedial statutes, however, is that a statute, must be so construed as to make it affect the evident purpose for which it was enacted; and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not, in terms, so direct, unless to do so would impair some vested right, or violate some constitutional guarantee.' See also. *Barnett* v. *Vanmeter,* 7 Ind. App. 45, 52, 33 N. E. 666, 668; In re Smith, 115 Ind. App. 494, 500, 60 N. E. 2d 147, 149.

"Since the plaintiff's situation is exactly the type of hardship which the amendment was intended to ameliorate, and

the statute is remedial, *past transactions should not be excluded from its coverage and scope.* The limited construction contended for by the defendant and applied by the District Court cannot be sustained."

Our Court in the case of *Malone, Administrator, Etc.* v. *Conner* (1963), 135 Ind. App. 167, 170, 189 N. E. 2d 590, (Transfer denied October 7, 1963), in construing the retroactive operation of remedial statutes spoke as follows:

"Where retroactive operation of remedial statutes is necessary to carry out the purpose of the new law, *and no new rights are given* or existing rights taken away, and only a new remedy is afforded for the enforcement of an *existing right,* the statutes may be given a retroactive operation. A retroactive statute must not take away *an existing right or give a new right,* but can only provide a new remedy to enforce an existing right. See, 26 I. L. E., Statutes, Section 195, p. 379."

In the case at bar it is our opinion that the amendment of Burns' Indiana Statutes, Section 7-801 by adding sub-section (f) to said section is a remedial statute that operates retroactively because said sub-section did not confer a new right of action and only afforded a new remedy for the enforcement of an existing right. Appellants having commenced their respective actions within two years after the date the causes of action arose their actions were timely filed; and were not barred by limitation. It is our further opinion that the enforcement of the instant actions does not constitute a taking of property without due process of law for the reason that there is no property right vested in the appellee or in anyone else which could or might be involved.

The appellants have also raised an issue which involves a question of conflict of laws. Specifically they assert that the law of the place where the collision occurred governs the remedy when the foreign remedy is so inseparable from the cause of action that it must be enforced to preserve the integrity and character of the cause.

To support this contention they cite the general rule which holds that where an action is brought in a state other than that in which the cause of action arose, matters of substantive law are controlled by the law of the place where the cause of action arose; that procedural and remedial matters are governed by the law of the forum; and the law of the forum determines what constitutes a matter of procedure and what is a matter of substance. *Slinkard* v. *Babb* (1953), 125 Ind. App. 76, 82, 112 N. E. 2d 876; *Holtz* v. *E. J. & E. Ry.* (1951), 121 Ind. App. 175, 181, 98 N. E. 2d 245; *Morley* v. *Cleveland, C., C. & St. L. R. R.* (1935), 100 Ind. App. 515, 522, 194 N. E. 806.

However, the appellants state that there is a recognized exception to this general rule which is as follows:

"In the absence of intervening domestic interests, the lex loci will govern the remedy when the foreign remedy is so inseparable from the cause of action that it must be enforced to preserve the integrity and character of the cause. 15 C. J. S., Conflict of Laws. Sec. 22 (a), p. 949."

The appellants' specific contention is that the instant cases come within this exception to the general rule, i.e., the remedy afforded by the laws of Illinois is so inseparable from the causes of action that they must be enforced as provided by the laws of Illinois in order to preserve the integrity and character of the causes of action.

However, in view of our holding that both Indiana and Illinois statutes afford the identical remedies, it is not incumbent on us to decide this question of conflict of laws.

Judgment reversed with instruction to the trial court to grant the motion for a new trial.

Bierly, Hunter and Mote, JJ., concur.

NOTE.—Reported in 212 N. E. 2d 904.