**Franklin PASLEY, Appellant-Defendant,**

v.

**AMERICAN UNDERWRITERS, INC.,
Appellee-Plaintiff.**

**No. 3–581A130.**

Court of Appeals of Indiana,
Fourth District.

April 14, 1982.

---

Gilbert King, Jr., Lloyd B. Fisher, Gary, for appellant-defendant.

James K. Whitaker, James K. Whitaker & Associates, Hammond, for appellee-plaintiff.

CONOVER, Judge.

Franklin Pasley appeals from a declaratory judgment rendered in favor of American Underwriters, Inc. In that judgment the Lake Circuit Court held that Pasley had not properly filed a tort claim against the estate of Jimmie Members, and therefore such claim was barred.

We affirm.

FACTS

Jimmie Members was the insured under a motorcycle liability policy issued by American Underwriters, Inc. (American). On May 11, 1975, Members, while operating his motorcycle, struck and seriously injured Franklin Pasley. Members died instantly.

During the two year period following the accident, no estate was opened for Members, and no personal or special representative was appointed. On May 10, 1977, (one day prior to the running of the statute), Pasley filed a complaint against "Jimmie Members (deceased), John Doe, or Mary Doe, heirs and descendants of Jimmie Members."

American, as Members' insuror, subsequently filed a complaint for declaratory judgment against Pasley, seeking a declaration that Pasley's suit was barred by the 2 year statute of limitations. American claimed in the complaint Pasley had not followed the proper procedure in filing his claim for personal injury against Members' estate because Pasley had neither opened the estate nor had a representative for the estate been appointed. Thus, American claimed, Pasley's suit was barred by Ind. Code 29–1–14–1. Subsequently American moved for summary judgment. The trial court held there was no genuine issue of material fact, and American was entitled to judgment as a matter of law. From this ruling Pasley appeals.

ISSUE AND DECISION

Pasley presents only one issue for review. Did he follow the proper procedure in filing his complaint against Jimmie Members' estate even though no estate was opened and no personal or special representative was appointed prior to the running of the statute of limitations.

At issue is an interpretation of IC 29–1–14–1. That statute provides in part:

"(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the State and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six months after the date of the first published notice to creditors.

"(b) No claim shall be allowed which was barred by any statute of limitations at the time of decedent's death.

. . . . .

"(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one [1] year after the death of the decedent.

. . . . .

"(f) Nothing in this section shall affect or prevent the enforcement of a claim arising out of tort against the estate of a deceased tortfeasor within the period of the statute of limitations provided for such tort action and for the purpose of enforcing such a tort claim the estate of the tortfeasor may be opened or reopened and suit filed against the special repre-

sentative of the estate within the period of the statute of limitations of such tort: Provided, however, That any recovery against the tortfeasor's estate shall not affect the distribution of the assets of the estate to the heirs, legatees, or devisees of the decedent tortfeasor unless such suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions."

It is Pasley's contention IC 29–1–14–1(f) specifically allows tort claimants to bring an action against a decedent's estate regardless of whether an estate has been opened and administrator appointed. He contends subsection (f) does not require an administrator to be appointed prior to the filing of a claim; the statute permits but does not require suit to be filed against the estate and its representative. Since he claims the appointment of an administrator is not mandatory, Pasley argues his complaint, filed within the statutory period, tolled the running of the statute.

Appellant cites no authority to support this contention. Further, we can find none. IC 29–1–14–1(a) specifically states that "[a]ll claims against a decedent's estate . . . shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court *in which such estate is being administered . . . .*" (Emphasis added.)

In *Kuzma, Adm' of the Estate of Rosemary Kuzma v. People's Trust & Savings Bank, Boonville,* (1961) 132 Ind.App. 176, 176 N.E.2d 134, decided before the enactment of IC 29–1–14–1(f), this Court held tort claims were barred if the decedent's estate was not opened and such action filed as a claim against it within one year from the date of decedent's death. This requirement is not changed by subsection (f). That section merely remedies the incongruity between the two year tort limitations statute and the six month's limitation for filing of tort claims against decedents' es-

tates previously imposed by IC 29–1–14–1(a). *See, Slater v. Stoffel,* (1966) 140 Ind. App. 131, 221 N.E.2d 688; *Staple v. Richardson,* (1966) 140 Ind.App. 20, 212 N.E.2d 904.

Originally, all claims against the estate were barred if not filed within six months [1] after first publication of notice to creditors. IC 29–1–14–1(a) (1972 and Supp.1981); *Woods v. Klobuchar,* (1958) 257 F.2d 313. However, with the enactment of IC 29–1–14–1(f) the time limitation for the filing of tort claims was extended to be coextensive with the statute of limitations applicable to the particular tort alleged. *Slater, supra,* and *Staple, supra.*

 Regarding IC 29–1–14–1, we recently said there is a clearly evidenced legislative intent to not merely withhold the remedy but to take away the right of recovery where a claimant fails to present his claim as required by the statute. *Rising Sun State Bank v. Fessler,* (1980) Ind.App., 400 N.E.2d 1164. IC 29–1–14–1 is not a statute of limitations, rather, it is a nonclaim statute. As such, it imposes a condition precedent to the enforcement of a right of action, *Russell v. Moore,* (1960) 130 Ind. App. 351, 164 N.E.2d 670, and precludes recovery when the condition is not met. As in *Kuzma,* Pasley failed to comply with the condition precedent of having decedent's estate opened and an administrator appointed within the time required by the statute.

 The necessity of having a duly appointed representative of the estate prior to the filing of a claim is further set out in IC 34–1–1–1. That statute provides those causes of action which survive the death of the tortfeasor, "may be brought notwithstanding the death of the person entitled or liable to such action, by or *against the representative of the deceased party . . .*", and "[i]f any action has been commenced against the decedent prior to his death the same shall continue by *substituting his personal representatives* as in other actions surviving the defendant's death. . . ." Furthermore, it is clear from Indiana case law

---

1. The statute now limits filing time to five months.

the estate of a decedent cannot be a party to an action without some form of representation. *Carr v. Schneider's Estate*, (1943) 114 Ind.App. 149, 51 N.E.2d 392. The mere naming of the estate as a party is insufficient. *Wilson v. Kings' Estate*, (1960) 131 Ind.App. 412, 170 N.E.2d 63.

The decision of the trial court is affirmed.

MILLER, P. J., and YOUNG, J., concur.