Thomas LANGSTON,
Appellant-Plaintiff,

v.

The ESTATE OF Jay S. CUPPELS [sic] Deceased, by James M. MILLER, Personal Representative, Appellee-Defendant.

No. 3–883 A 268.

Court of Appeals of Indiana,
Third District.

Nov. 26, 1984.

Rehearing Denied Oct. 10, 1985.

Kenneth L. Sheetz, South Bend, for appellant-plaintiff.

Edward N. Kalamaros, Thomas Cohen, Edward N. Kalamaros & Associates, South Bend, for appellee-defendant.

STATON, Presiding Judge.

The day before the statute of limitations would have barred Langston's negligence action, he opened Cupples' Estate and filed his negligence action against the personal representative. Later, the trial court granted the personal representative's motion for summary judgment. Langston appeals to this Court contending that the trial court erred when it granted summary judgment because he had not opened Cupples' Estate within one year of Cupples' death pursuant to IC 1984, 29–1–14–1(d) (Burns Code Supp.).

In his appeal, Langston contends that the statute permits him to open the Estate and file his action within the two year statute of limitations. The only limitation imposed by the statute is that his recovery not interfere with the distribution of assets in the Estate. IC 1984, 29–1–14–1(f). (Burns Code Supp.) and IC 1973, 34–1–2–2(1) (Burns Code Ed.).

We reverse.

Chapter 14 of Article 1 of the Indiana Probate Code controls. Chapter 14, section 1 reads in pertinent part:

> "29–1–14–1 [7–801]. Limitations on filing claims—Statutes of limitations—Claims barred when no administration commenced—Liens not affected—Negligence claims against estate.—(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within:
>
> (1) Five [5] months after the date of the first published notice to creditors; or
>
> (2) Three [3] months after the court has revoked probate of a will, in accordance with IC 29–1–7–21, if the claimant

was named as a beneficiary in that revoked will;

whichever is later.

\*     \*     \*     \*     \*     \*

(d) All claims barrable under the provisions of subsection (a) hereof shall, in any event, be barred if administration of the estate is not commenced within one [1] year after the death of the decedent."

As long as the decedent's estate is opened within one year of the decedent's death pursuant to section d, sections a and d work together to provide a maximum time period of 1 year and 5 months after the date of the first published notice to creditors to file claims against the assets of the decedent's estate. Section f is an exception to this maximum time period in which to file claims:

"(f) Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort-feasor within the period of the statute of limitations provided for such tort action and for the purpose of enforcing such a tort claim the estate of the tort-feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of such tort. However, any recovery against the tort-feasor's estate shall not affect any interest in the assets of the estate unless such suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions."

This section provides that a claimant against the estate may open the decedent tortfeasor's estate and file his tort claim within the period of time provided in the tort statute of limitations. However, if the estate is not opened within one year of the decedent's death, the claimant may not recover against the assets of the estate. This proviso protects the heirs.

The personal representative asserts that opening an estate within one year of death pursuant to section "d" is a condition precedent to filing a tort claim pursuant to section "f". He contends that section "f" was added merely to remedy the inconsistency between the 5 month limitation period in which to file claims against the estate provided by section "a" and the tort statute of limitations. To support these contentions, he relies on *Pasley v. American Underwriters, Inc.* (1982), Ind.App., 433 N.E.2d 838.

■ Opening an estate within 1 year of the decedent tortfeasor's death is not a condition precedent to filing a tort claim within the tort statute of limitations. As long as the estate is opened, a personal representative appointed, and the tort claim filed within the statute of limitations, the tort action is not barred. In *Pasley, supra* the claimant had been struck and injured by a motorcycle operated by the decedent tortfeasor. Without ever opening the estate, the claimant filed his tort claim within the two year tort statute of limitations. The Court held that an estate must first be opened and a personal representative appointed before a tort claim can be filed. *Id.* at 840–41. Additionally, the *Pasley* Court extended its discussion to the effect that section "f" has on section "d".

The *Pasley* Court held that section "f" has no effect on the requirement in section "d" to open a decedent tortfeasor's estate within one year of the decedent's death. *Id.* at 840. Rather, the *Pasley* Court determined that the requirement in section "d" is a condition precedent to filing the tort claim within the tort statute of limitations. *Id.* It stated that section "f" merely extended the six month limitation period for filing claims provided in section "a" to be consistent with the tort statute of limitations. *Id.*

We disagree with *Pasley* to the extent that the Court decided that section "f" allows filing of a tort claim against the decedent tortfeasor within the applicable tort statute of limitation period *only if* the decedent's estate was opened and personal representative appointed within one year of the decedent's death. We read section "f"

as an exception to section "d". The unambiguous language in section "f" supports this determination.

Section "f" allows Langston to open Cupples' estate within two years of Cupples' death:

"(f) Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort-feasor within the period of the statute of limitations provided for such tort action and for the purpose of enforcing such a tort claim the estate of the tort-feasor may be *opened* or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of such tort. However, any recovery against the tort-feasor's estate shall not affect any interest in the assets of the estate unless such suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions." (Emphasis added.)

This section allows a claimant to open the decedent tortfeasor's estate during the applicable tort statute of limitations. Therefore, as long as the estate of a decedent tortfeasor is opened and a personal representative appointed within the statute of limitations, a tort action is not barred.

■ When a claimant fails to open an estate within one year of the decedent tortfeasor's death pursuant to section "d", his recovery is limited. His recovery can not affect any interest in the assets of the estate. It is limited to liability insurance and assets not distributed during the administration of the estate.

■ Langston's negligence action was timely filed. IC 29–1–14–1(f). *See* 1B, G. Henry, The Probate Law and Practice of the State of Indiana; p. 309–310, 7th Ed., 1978.

Reversed.

HOFFMAN and GARRARD, JJ., concur.