**Daniel E. SERBAN, Personal Representative of the Estate of Merlin C. Martin, Deceased, Appellant (Defendant Below),**

v.

**Kimberly K. HALSEY, Appellee (Plaintiff Below).**

No. 57A04–8806–CV–181.

Court of Appeals of Indiana, Third District.

Jan. 23, 1989.

Thomas W. Yoder, Larry L. Barnard, Livingston, Dudine, Haynie & Yoder, Fort Wayne, for appellant.

Thomas A. Herr, Barrett & McNagny, Fort Wayne, for appellee.

HOFFMAN, Judge.

Appellant Daniel E. Serban, personal representative for the Merlin C. Martin Estate, brings an interlocutory appeal. Serban appeals the trial court order denying summary judgment and granting leave to the plaintiff to file an amended pleading. The facts indicate that on January 23, 1984, a Chrysler automobile driven by Merlin C. Martin hit pedestrian, Kimberly K. Halsey, causing her personal injuries. On January 2, 1985, Merlin C. Martin died of natural causes. On January 17, 1986, Daniel E. Serban was appointed personal representative of the Merlin C. Martin Estate for the sole purpose of allowing an action for damages. Later on January 17, 1986, Kimberly K. Halsey filed a verified claim against the estate of Merlin C. Martin.

Appellant Daniel E. Serban raises the following issues:

(1) whether the trial court erred in denying a motion for summary judgment when administration of the Merlin C. Martin Estate was not commenced within one year of Merlin C. Martin's death; and

(2) whether the trial court erred in granting leave to file an amended pleading when the plaintiff brought a claim against the estate instead of a suit against the personal representative.

■ Serban first contends that the trial court erred when it failed to bar the plaintiff's claim pursuant to IND.CODE § 29-1-14-1(d) (1988 Ed.). That provision states that all claims against a decedent's estate are barred if administration of the estate is not commenced within one year after the death of the decedent.

Merlin C. Martin died intestate on January 2, 1985. Administration of the estate for the purpose of allowing an action for damages was commenced more than one year after the death of Merlin C. Martin. Serban cites *Pasley v. American Underwriters, Inc.* (1982), Ind.App., 433 N.E.2d 838, as authority for barring the plaintiff's claim. In that case, the court held that an action against a deceased tortfeasor was barred when the plaintiff failed to have an estate opened and a personal representa-

tive appointed within one year of the decedent's death.

The trial court rejected the holding in *Pasley* and followed the case of *Langston v. Estate of Cuppels by Miller* (1984), Ind. App., 471 N.E.2d 17. In that case, the court held that opening an estate within one year of the decedent tortfeasor's death is not a precondition to filing a tort claim within the tort statute of limitation. As long as the estate is opened, a personal representative appointed, and the tort claim filed within the statute of limitations, the tort action is not barred. *Id.* at 19. The *Langston* court read IND.CODE § 29-1-14-1(f) (1988 Ed.) as an exception to IND.CODE § 29-1-14-1(d) (1988 Ed.). *Id.* at 20.

In the present case, the trial court noted that the plaintiff's claim for personal injuries against the deceased tortfeasor was an IND.CODE § 29-1-14-1(f) (1988 Ed.) action. The plaintiff's action sought insurance proceeds, not the estate's assets. The trial court correctly ruled that an action against a deceased tortfeasor is not barred by the failure to comply with IND.CODE § 29-1-14-1(d) (1988 Ed.), when the plaintiff had an estate opened, a personal representative appointed, and a tort claim filed within the two-year statute of limitation.

■ Serban next contends that the trial court erred in granting leave to the plaintiff to file an amended complaint. Serban argues that the trial court erred in granting leave to file an amended pleading denominating the verified claim as a complaint.

The verified claim against the estate met the requirements of a civil complaint. Ind. Rules of Procedure, Trial Rule 8(A). Pleadings are to be examined and treated as to their content rather than their captions. *Brokus v. Brokus* (1981), Ind.App., 420 N.E.2d 1242, 1246. Granting leave to file an amended pleading would allow the plaintiff to change the form of the caption not the substance of the pleading. The trial court committed no error in granting leave to the plaintiff to amend the caption of the pleading to denominate a complaint.

Serban finally contends that the trial court erred when it failed to bar the plaintiff's claim when it was not filed against the personal representative. The plaintiff's claim for damages was brought against the estate of Merlin C. Martin.

When a personal representative has been appointed within the required statutory period, an action against the estate is an action against the personal representative by operation of law. It is not necessary to issue a summons upon a claim when filed, or to formally make the administrator or executor a party defendant, when the claim has been filed and entered upon the docket; the action has been commenced and the executor or administrator is a party by operation of law. 1B G. HENRY, PROBATE LAW and PRACTICE 460 (1978).

The plaintiff satisfied the preconditions for an action against a deceased tortfeasor. The trial court did not err in following the *Langston* case and in allowing the plaintiff to amend the caption of the verified claim to denominate a complaint.

AFFIRMED.

STATON and MILLER, JJ., concur.