INDIANA FARMERS MUTUAL INSURANCE COMPANY, Intervenor/Appellant,

v.

Kevin RICHIE, Plaintiff/Appellee,

v.

Louis D. Evans, Special Administrator of the Estate of Leanne M. Smith, Deceased, Amanda J. Popejoy, Stephen Popejoy, and Chris Popejoy, Defendants.

No. 12S05–9903–CV–180.

Supreme Court of Indiana.

March 16, 1999.

Michael J. Stapleton, Brenda M. Clapper, Cheryl M. Knodle, Lafayette, Indiana, Attorneys for Appellant.

Ralph E. Dowling, Indianapolis, Indiana, Attorney for Appellee.

## ON PETITION TO TRANSFER

BOEHM, Justice.

We hold that a tort claim against a decedent may be pursued to the extent of any applicable liability insurance proceeds if suit is filed within the applicable tort limitations period, notwithstanding limitations of probate law on the time for opening the decedent's estate or filing claims against the estate's assets. We also conclude that under these circumstances an amended complaint substituting the defendant relates back to the filing of the complaint in the absence of prejudice from any delay.

### Factual and Procedural Background

On October 16, 1994, a car driven by Leanne M. Smith collided with a vehicle in which Kevin Richie was riding as a passenger. Smith died on the day of the accident.

Richie was injured and precisely two years later, on October 16, 1996, filed a complaint for personal injuries naming "Leanne M. Smith (Deceased)" as a defendant. At the time Richie filed his complaint no estate had been opened for Leanne Smith and no special representative had been appointed.

On November 18, 1996, Smith's automobile liability insurance carrier, Indiana Farmers Mutual Insurance Company ("Indiana Farmers"), moved to intervene in the suit. On the same day Indiana Farmers moved for summary judgment, asserting that the time for opening an estate for Smith had elapsed and no claim could be pursued against her or her estate at this point. On February 7, 1997, Richie petitioned the Clinton Circuit Court to open the Estate of Leanne Smith. That petition was granted and that same date the estate was opened and a special representative appointed. Also on February 7, 1997, Richie moved in the personal injury suit to amend his complaint to change the defendant from "Leanne Smith (Deceased)" to "Louis D. Evans special administrator of the Estate of Leanne Smith." The trial court granted Richie's motion to amended his complaint, denied Indiana Farmers' motion for summary judgment, and certified its order for interlocutory appeal.

The majority in the Court of Appeals held that Richie's claim was barred, reasoning that (1) Richie's petition was not effective to open Smith's estate because, after the statute of limitations had expired, he was not an "interested person" with standing to open the estate under Indiana Code § 29-1-7-4, and (2) the amended complaint did not relate back to date of original filing and because no estate existed until after the statute of limitations had run the claim was barred. *Indiana Farmers Mut. Ins. Co. v. Richie*, 694 N.E.2d 1220 (Ind.Ct.App.1998). Judge Bailey dissented. There are no disputed material facts and this appeal presents only a question of law.

## I. The Effect of the Probate Code on Tort Claims

 Indiana Farmers contends that Richie's claim is barred by Indiana Code § 29-

1-14-1(f) because that section requires that Smith's estate be opened within the statute of limitations governing tort actions. Richie contends that the only requirement of section 29-1-14-1(f) is that the action be filed within the tort statute of limitations.

Section 29-1-14-1 of the Probate Code contains three relevant time limitations. First, subsection (d) bars all claims against a decedent's estate unless the estate is opened within one year after death. Second, as a general matter, subsection (a) bars all claims unless they are filed within five months after the first published notice to creditors or three months after the court has revoked probate of a will. Finally, and central to this case, subsection (f) contains an exception from these general propositions for tort claims against the decedent. It provides:

> Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action. A tort claim against the estate of the tort feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of the tort. Any recovery against the tort feasor's estate shall not affect any interest in the assets of the estate unless the suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions.

IND.CODE § 29-1-14-1(f) (1998).[1] This subsection preserves "a claim for injury to person" against the estate of a deceased tortfeasor as long as the action is filed within the period of the statute of limitations "provided for the tort action," which in this case is two years from the date of the accident. IND. CODE § 34-11-2-4 (1998). *See also Slater v. Stoffel*, 140 Ind.App. 131, 221 N.E.2d 688

---

1. Subsection (f) was added in 1961. Acts 1961, c. 287, § 1. The previous section did not distinguish between tort claims and other claims against the estate. *See* BURNS IND. STAT. ANN. § 7-801 (Bobbs–Merrill 1953 Replacement).

(1966); 1B Henry's Probate Law and Practice § 10, at 310 (7th ed.1978).

Indiana Farmers points to the Court of Appeals' decision in *Pasley v. American Underwriters*, 433 N.E.2d 838 (Ind.Ct.App. 1982), which disallowed a tort claim filed within statute of limitations because the estate was not opened and a personal representative was not appointed within one year of the decedent's death. Citing *Estate of Kuzma v. Peoples Trust & Savings Bank*, 132 Ind.App. 176, 176 N.E.2d 134 (1961), which predated current subsection (f), *Pasley* held that tort claims are barred if the decedent's estate is not opened and the suit is filed as a claim against the estate within one year of the date of decedent's death. *Pasley* concluded that this requirement was not changed by the addition of subsection (f) to the statute. *Pasley*, 433 N.E.2d at 840.

*Pasley* is inconsistent with several subsequent decisions of the Court of Appeals. *Langston v. Estate of Cuppels by Miller*, 471 N.E.2d 17 (Ind.Ct.App.1984), involved an estate that was opened, but no tort suit was filed within the five month claim period. The court held that the plaintiff's tort claim filed within the two year statute of limitations was not barred by section 29-1-14-1, observing that subsection (f) limits the recovery to insurance proceeds if no claim is filed within the five month limit. *Id.* at 20; *see also Serban v. Halsey*, 533 N.E.2d 162 (Ind.Ct. App.1989) (in action for insurance proceeds claimant does not need to comply with subsection (d) requiring filing within one year); *Shearer v. Pla–Boy, Inc.*, 538 N.E.2d 247 (Ind.Ct.App.1989) (claim timely where tort action filed, estate opened and personal representative appointed after statute of limitations expired but within 18 months of death of party pursuant to Indiana Code § 34-1-2-7). In each of these decisions either the decedent's estate was open at the time the tort statute of limitations expired or another rule of procedure tolled the statute of limitations. None dealt with the facts presented in this case, where the tort action was filed within the statute of limitations but the estate of the decedent was not opened until after the statute of limitations had expired.[2]

Indiana Farmers contends that section 29-1-14-1(f) requires a tort claimant to open the decedent's estate before the statute of limitations has expired. In support of this view, Indiana Farmers observes that subsection (f) preserves claims "against the estate" for the tort limitations period. This, Indiana Farmers argues, implies that the estate must be opened within that period. Second, Indiana Farmers argues that the second sentence authorizes the opening or reopening of the estate only if it is within the tort limitations period. Both points reflect permissible readings of the statute. Neither however is persuasive in light of the overall statutory framework.

The statute is not a model of clarity. The first sentence of subsection (f) states that none of the requirements of section 29-1-14-1 "shall affect or prevent the enforcement of a claim for injury ... within the period of the statute of limitations." The third sentence limits claims against estate assets to those filed within five months of the period found in subsection (a). The purpose of the five month requirement is to permit the administrator to know the assets and potential liabilities of the estate and facilitate prompt payment of the claims to wrap up the estate. Permitting tort claims to pursue insurance proceeds, but not estate assets is fully consistent with these goals. So far, so good.

Indiana Farmers points to the second sentence, however. It provides that: "[a] tort claim against the estate of the tort feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of the tort." It seems somewhat odd usage to say a "tort claim" may be "opened or reopened" in a statute that elsewhere speaks of the opening of an "estate."[3] How-

---

**2.** *Murray v. Estate of Kilmer*, 457 N.E.2d 562 (Ind.1984), presented somewhat similar facts. However the Court did not reach the issue presented in this case because it held the estate was estopped from asserting that the claim was barred by Indiana Code § 29-1-14-1 where the decedent's attorney had accepted service of process and filed an appearance without revealing that the client was deceased until after the statute of limitations had expired.

**3.** Prior to 1990, the section stated: "Nothing in this section shall affect or prevent the enforce-

ever, the most practical reading is that a tort suit may be instituted at any time within the applicable tort limitation period. As a matter of syntax only, the section is not wholly clear whether the tort limitations period (1) applies only to the filing of the suit or (2) also limits the period for appointing the special representative. Because we can see no purpose and do discern some mischief in a requirement that the appointment be accomplished before the running of the statute, we choose the first interpretation. By adding subsection (f), the legislature clearly intended to exempt tort actions for liability insurance proceeds from the requirements of the probate code. *Slater v. Stoffel*, 140 Ind.App. 131, 138, 221 N.E.2d 688, 693 (1966). This seems to make eminent sense. The statute makes clear that the administration of the estate cannot be disturbed by a Johnny-come-lately tort suit because such a suit cannot reach the assets of the estate. If that is the case there seems to be no reason why a suit involving only insurance proceeds should not proceed as a normal tort suit uncomplicated by the Probate Code. Moreover, the second sentence of subsection (f) must be read in conjunction with the first. The first sentence clearly states that "nothing in this section shall affect or prevent the enforcement of a claim for injury...." Subsection (f) is among the things in "this section." Accordingly we conclude that the only requirement that Indiana Code § 29–1–14–1(f) imposes on a tort action seeking liability insurance proceeds is that the suit be filed within the tort statute of limitations.

The Court of Appeals reached a different conclusion in this case and others on similar facts. *Clark v. Estate of Slavens*, 687 N.E.2d 246 (Ind.Ct.App.1997), held that a plaintiff's tort action was barred because decedent's estate was not open within the two-year statute of limitations.

Inasmuch as Clark had no standing to open an estate for Decedent after the tort statute of limitations had expired, the "Estate" may not be afforded any legal recog-

nition and, Clark's attempt to substitute the "Estate" for the one named in the complaint accomplished nothing. Thus, Clark's amended complaint did not relate back to the date of the filing of the original complaint under Ind. Trial Rule 15(C).

*Id.* at 250. Following *Clark*, the majority in this case held that "[a]fter the tort statute of limitations had run, Richie was no longer an 'interested person' who had standing to open an estate under Indiana Code § 29–1–7–4." *Indiana Farmers Mut. Ins. Co. v. Richie*, 694 N.E.2d 1220, 1223 (Ind.Ct.App.1998). We think *Clark* and the majority in this case were incorrect in imposing an "interested person" requirement. Rather, it appears to us that subsection (f) authorizes a suit against a special representative by a tort claimant independently of any interested person requirement that is applicable to persons seeking to open a decedent's estate under the Probate Code.

In this case only a special representative— in contrast to a personal representative to administer the estate's assets and liabilities—needs to be appointed. Special representatives, who are appointed "to perform a special function ... can be effected by an order of the court on a proper showing of necessity...." 1 HENRY'S INDIANA PROBATE LAW § 804, at 339–40 (8th ed.1989). "There is no express requirement that the person petitioning for the appointment of a special administrator be interested in the estate, or that the person be qualified to administer the estate ..." and "it may be assumed that the affidavit may be presented by a person who has no 'interest' in the estate." *Id.* In view of subsection (f) we conclude that Richie's petition was effective to initiate appointment of a special representative of Smith's estate solely for purposes of satisfying the somewhat metaphysical notion that a suit cannot proceed against a decedent.

Perhaps most importantly, this challenge to Richie's seeking a representative for Smith's estate is not brought by any benefi-

---

ment of a claim arising out of tort against the estate of a deceased tort-feasor within the period of the statute of limitations provided for such tort action and for the purpose of enforcing such a tort claim the estate of the tort-feasor may be

opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of such tort." IND.CODE § 29–1–14–1(f) (1988). This section was amended in 1990 to the current version.

ciaries or heirs or creditors of Smith. Rather it is the insurance company that contracted with Smith to cover her liabilities that seeks to defeat Richie's claim. We can see no reason why the insurance company, which has no interest in Smith's estate, should be able to assert a delay in appointing a special representative as a bar to a suit that plainly would have been timely if Smith had survived. To require the prior opening of an estate would blur the bright line of the statute of limitations to the extent the time required to accomplish that is unpredictable. This in turn could cause wholly unnecessary expense out of an abundance of caution on the part of careful plaintiffs who hope and expect to settle their tort claim but are determined to avoid the trap in which Indiana Farmers contends Richie finds himself.

Next, whether the representative is appointed before or after the tort statute of limitations expires seems to have no practical consequence. The opening of the estate so as to bring the insurance policy into the estate is a formal requirement because the insurance company needs a representative of the defendant to serve as a client. Whether this is done three months before the statute of limitations for tort actions expires or three months after is immaterial unless the insurance company can show some prejudice from the delay. Here we are directed to none. The insurance company obligated to defend this action had timely notice of the suit and has not claimed, much less proved, any prejudice from the amendment substituting the estate for the decedent.

In sum, in this case seeking recovery from liability insurance, we hold that Richie's failure to open Smith's estate within the tort statute of limitations is not fatal to his suit.

## II. Trial Rule 15

### A. *The Amended Complaint*

■ Indiana Trial Rule 15(A) directs a trial court to grant leave to amend "when justice so requires." "Consistent with an underlying purpose to facilitate decisions on the merits and to avoid pleading traps, the Indiana Trial Rules generally implement a policy of liberal amendment of pleadings, absent prejudice to an opponent." *Kimberlin v. DeLong*, 637 N.E.2d 121, 128 (Ind.1994).

The trial court found that "Defendant has not shown prejudice such that said Amended Complaint should not relate back." Indiana Farmers points to no specific prejudice. Indeed, its motion to intervene was filed less than one month after the initial complaint and within the appearance time for a suit that would unquestionably have been timely if Smith had survived. Indiana Farmers had notice of the action, supporting the trial court's finding that there is no prejudice. Accordingly, there was no abuse of discretion by the trial court in permitting the amendment of the complaint.

### B. *Relation Back*

■ Because Richie's amended complaint was filed after the statute of limitations had expired on his tort action, the amended complaint must "relate back" to the date of the original filing if it is to survive. Trial Rule 15(C) states: "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." The trial court found that Richie's amended complaint "does relate back to [the] original filing as contemplated by T.R. 15." We agree. Richie's amended complaint sets forth the same cause of action as the first complaint and plainly arises out of the "conduct, transaction, or occurrence" of the original complaint.

Indiana Farmers points to the second sentence of Rule 15(C) and asserts that Richie's amendment does not relate back because the special administrator of Smith's estate neither received notice of the action nor knew of the action within the statute of limitations. This is of course true, because the special representative was appointed only after the two year tort statute of limitations had run. Indiana Trial Rule 15(C) states:

> [a]n amendment changing the party against whom a claim is asserted relates back if it arose out of the conduct, transaction, or occurrence set forth in the original pleading and within the statute of limitations, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that [the party] will not be prejudiced in maintaining [a] defense on the merits; and

(2) knew or should have known that but for the mistake concerning the identity of the proper party, the action would have been brought against [the party].

The notice and knowledge test found in Trial Rule 15(C) applies only where the party offers "[a]n amendment changing the party against whom a claim is asserted...." The word "changing" must be given a sensible and practical construction. 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1498, at 128 (2d ed.1990) (dealing with identical language in the federal counterpart to T.R. 15). Richie's amendment does not seek to add, subtract or otherwise change "the party against whom the claim is asserted." As explained in Part I, in order to assert a claim against the assets of Smith's estate (other than Smith's claim to indemnity from Indiana Farmers under the automobile policy) the claim must be filed within five months after notice to creditors of the estate, and all claims are barred if the estate is not opened within one year after death. When this suit was filed both time periods had expired and only the insurance policy could respond to the claim. That remained true when the amendment changed the designation of the defendant to the "Estate of Leanne M. Smith" from "Leanne M. Smith (deceased)." This changes the denomination, but not the substance of the party sued.

Indiana Farmers argues that only Smith's estate is legally capable of being sued and that Richie's suit against "Leanne Smith, deceased" was a legal nullity. It asserts that his amended complaint naming Smith's estate and its special representative "changes" the party against whom the claim is asserted.

This may be correct in some formal sense, but for the reasons already given it has no substance. No one disputes the identity of the alleged tortfeasor. And, although Richie must name Smith as the insured, the claim is, in reality, against Indiana Farmers' liability insurance policy. If any prejudice to the defendant or the insurer can be shown, the trial court has discretion to refuse the amendment. Here, however, the trial court found none and that finding is not seriously challenged.

Finally, although there is no controlling Indiana precedent, Indiana Farmers correctly points to some decisions under Federal Rule 15(C) in support of its contention that the amended complaint does not relate back under Trial Rule 15(C).[4] However, Indiana Farmers neglects other federal decisions that hold that a complaint does relate back.[5] We agree that because the Indiana trial rules are based on federal rules, it is appropriate in some instances to look to federal decisions for guidance. *Keith v. Mendus,* 661 N.E.2d 26, 34 (Ind.Ct.App.1996); *Rickels v. Herr,* 638 N.E.2d 1280, 1283 (Ind.Ct.App.1994). Here, however, we find conflicting precedent.

Similarly, precedent from other states is not consistent. As the Supreme Court of Alaska observed in deciding the same issue, some states allow substitution of the estate for the decedent but others hold that a complaint filed against a deceased person does not invoke the jurisdiction of the court. *See Hamilton v. Blackman,* 915 P.2d 1210, 1217 (Alaska 1996) (collecting state and federal cases). For the reasons already given, we agree with the decisions that have permitted a plaintiff to amend to substitute the estate for the decedent. The fundamental purpose of rule 15(C)—fairness to the incoming defendant—is met where, as in this case, the suit seeks only insurance proceeds and the

---

**4.** *Davis v. Cadwell,* 94 F.R.D. 306 (D.Del.1982), *remanded by* 709 F.2d 1491 (3d Cir.1983) (table); *Moul v. Pace,* 261 F.Supp. 616 (D.Md.1966).

**5.** *See e.g. Santana v. Holiday Inns, Inc.,* 686 F.2d 736 (9th Cir.1982) (Rule 15(C) can apply even where the original cause of action is time-barred); *Loudenslager v. Teeple,* 466 F.2d 249 (3d Cir.1972) (personal representative of decedent's estate substituted for decedent by amended complaint relates back; reversing trial court decision relying on *Moul v. Pace* ); *Malmrose v. Estate of Aljoe,* 92 F.R.D. 490 (W.D.Pa.1981) (Plaintiff allowed to amend complaint to substitute executor of estate for estate so that defendant is designated in a manner consistent with state law; amendment does not add new party or in any way change the substance of the claims made by plaintiff.).

insurance company had actual notice and knowledge of the suit. *Id.* at 1218; *see also* 6A WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1498, at 106 (2d ed.1990) (allowing amendments changing parties to relate back prevents claim from being defeated on a "technical basis" when it should have been decided on its merits).

### Conclusion

The trial court's decision granting Richie's petition to amend his complaint and denying Indiana Farmers' motion for summary judgment is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and SELBY, JJ., concur.