CITY OF INDIANAPOLIS, DEPARTMENT OF PUBLIC WORKS, Treasurer of Marion County, and Auditor of Marion County, Appellants (Defendants below),

v.

John W. KING, Gwendolyn L. King, Jerrell A. Budreau, Sally M. Budreau, William J. Gilley, James R. Jones, Sandra S. Jones, Cresswell A. Hisser, Rebecca L. Hisser, Robert D. Emerson, Estate of Fern L. Pottorff, Paul Hoss, Troy Investment, Inc., John M. Heeter, Colonial Discount Corporation, Raymond Grunert, Executor of the Estate of Charles McCormick, Deceased, Gemeni Properties, Inc., and James A. Knauer and William R. Richards, Trustee, Appellees (Plaintiffs below).

No. 784S260.

Supreme Court of Indiana.

Dec. 3, 1985.

City-County Legal Div., John P. Ryan, Corp. Counsel by Kathryn A. Watson and Mark Allen Mertz, Asst. Corp. Counsel, Indianapolis, for appellants.

Craig D. Doyle, William R. Richards, P.C., Richard M. Orr, Indianapolis, Robert A. Wood, Danville, for appellees.

John E. Kolas, Indianapolis, for amicus curiae.

PIVARNIK, Justice.

Appellees brought a class action suit on behalf of non-occupying property owners and bona fide purchasers against Appellants, alleging their due process and equal protection rights were violated by Appellants' methods of assessing and collecting sewer usage fees against their property. This cause was venued to Hendricks County where Judge J.V. Boles subsequently granted Appellees' Motion for Summary

Judgment. In doing so the trial court found Appellants' methods of collecting unpaid sewage assessments from members of the class violative of procedural and substantive due process and equal protection. The trial court further declared unconstitutional Ind.Code §§ 36–9–23–31 through 34 (Burns 1981) and Ind.Code § 36–9–25–11 (Burns Supp.1982). The judgment declared Appellants' acts in applying these statutes unconstitutional and ordered Appellants to return all wrongfully collected money to Appellees. This cause is now before us on direct appeal from the trial court pursuant to Ind.R.App.P. 4(A)(8).

The following issues are raised for our consideration:

1. whether the trial court erred in granting summary judgment;

2. whether there was sufficient factual or legal record before the trial court to determine the constitutionality of the applicable statutes or Appellants' actions pursuant thereto;

3. whether the trial court erred in finding Ind.Code §§ 36–9–23–31 through 34 and Ind.Code § 36–9–25–11 and Appellants' actions unconstitutional; and

4. whether the trial court made errors of statutory interpretation.

Because we find that summary judgment was improperly granted in the present case we limit our discussion to that issue only and decline to address the remaining issues at this point.

■ The function of a summary judgment proceeding is to expedite the disposition of disputes in which there is no genuine issue of fact material to the claim involved and a party is entitled to judgment as a matter of law. *Gaboury v. Ireland Road Grace Brethren Inc.* (1983), Ind., 446 N.E.2d 1310, 1313, *reh. denied* (1983), *citing Barbre v. Indianapolis Water Co.* (1980), Ind.App., 400 N.E.2d 1142, 1145, *tr. denied* (1980); Ind.R.Tr.P. 56(C). The party seeking summary judgment must establish there is no genuine issue of material fact, and any doubt as to a fact or inference to be drawn therefrom must be resolved in favor of the party opposing the motion for summary judgment. *Gaboury,* Ind., 446 N.E.2d at 1313.

In granting summary judgment in the present case it appears the trial court made certain findings which required a weighing of evidence and judging of credibility such that doubts or inferences were not resolved in favor of Appellants. The trial court found, *inter alia:*

1. it was Appellants' policy and practice to refuse to cancel and release liens as prescribed by statute;

2. it was Appellants' policy and practice to fail to notify property owners of sewer useage delinquencies or liens prior to imposing the liens due to to such delinquencies, and to impose the lien without opportunity for hearing and without court judgment;

3. it was Appellants' policy and practice to fail to record liens in the office of the Marion County Recorder, recording such liens in the Auditor's office instead;

4. Appellees were not given notice on their tax duplicates that they were actually paying a delinquent sewer useage fee;

5. it was Appellants' policy and practice to fail to notify Appellees that a lien attached to their property and that such property could be subject to sale; and

6. Appellants failed to notify Appellees of procedures for releasing a lien.

Included in Appellants' Second Memo in Opposition to Summary Judgment is a sworn affidavit of Richard Rippel, the Director of the Department of Public Works. We have held that in deciding whether or not to grant summary judgment, facts set forth in a non-moving party's affidavit are taken as true and testimony is liberally construed in his favor. *Norman v. Turkey Run Community School Corporation* (1980), 274 Ind. 310, 313, 411 N.E.2d 614, 615, *reh. denied* (1980). Appellants' affidavit states:

1. the liens for delinquent sewage fees were filed in the office of the County Recorder;

2. liens incurred by third parties were released upon receipt of a verified, written demand;

3. liens filed with the Recorder after a conveyance of property were released;

4. liens against property occupied by someone other than the owner are not enforced unless the owner was notified within twenty (20) days after a sixty (60) day delinquency period if owners request such notice; and

5. all remedies provided by statute are afforded by Appellants.

Attached to the affidavit are:

1. a letter requesting the Auditor to remove from the tax files certain property assessed for delinquent sewage fees by one other than the present owner;

2. affidavits demanding release of liens incurred by prior owners;

3. letters of notice from Appellants to property owners indicating a delinquent balance for sewage usage, the property owner's responsibility, prior notice to the user, the possibility of a lien being imposed, and the possibility of a sale of the property to satisfy the lien; and

4. release notices.

The evidence in Appellants' affidavit and exhibits is in direct conflict with other evidence offered as part of the summary judgment proceedings. This conflict in evidence raises genuine issues which are material because they go to the heart of the trial court's findings upon which summary judgment was granted. This case is unlike *Gaboury,* where the non-moving party testified as to one story and later changed his story in an affidavit. In denying summary judgment there we decried the practice of raising issues of fact by one party giving contradicting stories because such would defeat the utility of the summary judgment procedure. Here, on the other hand, we have conflicting evidence from various sources which raise genuine issues material to the resolution of the dispute.

It is true that where a statute is declared unconstitutional *on its face,* no evidence need be presented. Nevertheless, the trial court must still state a rationale supporting why the statute is facially unconstitutional, including the purposes of the statute, and, in this case, who comprises the class, what are the class' rights, how those rights were violated, and specifically how the class is lacking protection. Not only is a rationale to support striking the statutes at issue absent in the present case, but it is not clear whether the statutes were declared unconstitutional on their face or as applied to the members of the class. If the trial court struck down the statutes as applied, then evidence is necessary to show how theses statutes were applied to the class. It may even be the case here that the statutes are constitutional on their face and as applied, but that for a certain period of time Appellants did not act pursuant to the statutes. In any case, the facts here seem too unclear and insufficient upon which to base a determination on any of these alternatives. For this reason we find summary judgment was improperly granted.

The trial court's judgment is vacated and the cause is remanded for further proceedings consistent with this opinion.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.