Linda L. CLARK, Appellant–Plaintiff,

v.

The ESTATE OF Andrea E. SLAVENS, Alan W. Slavens, Samuel Slavens, and Denise Slavens, Appellee–Defendants.

No. 54A01–9704–CV–126.

Court of Appeals of Indiana.

Nov. 12, 1997.

---

David A. Rosenthal, Rosenthal, Greives, O'Bryan & Meyer, Lafayette, for Appellant–Plaintiff.

Theodore J. Blanford, Demoss & Associates, Indianapolis, for Appellees–Defendants.

## OPINION

ROBERTSON, Judge.

Linda L. Clark appeals the grant of summary judgment in favor of Alan W. Slavens [Brother], Samuel Slavens [Father], and Denise Slavens [Mother], as well as the Estate of Andrea E. Slavens [Decedent] in Clark's lawsuit for the serious personal injuries she suffered in an accident caused by the driver of the Slavens' car. Clark raises four issues, which we restate, none of which constitute reversible error.

## FACTS

The facts in the light most favorable to the nonmovant Clark reveal that the Decedent and Brother were the children of Mother and Father. On the morning of January 31, 1994, Decedent and Brother set out for high school together in the Slavens' car. Soon afterwards, the car crossed the center line of a highway and struck Clark's car, resulting in Clark's serious personal injuries. Decedent and Brother were the only occupants of the Slavens' car. Decedent was killed in the accident and Brother suffered serious injuries.

On January 30, 1996, Clark filed the instant lawsuit based upon the negligence of the driver of the Slavens' car. Clark named the "Estate of Andrea E. Slavens" and Brother as defendants because either Decedent or Brother had been driving the Slavens' car. Clark also named Mother as a defendant because she had agreed to be jointly and severally responsible for the liability of Decedent under Ind.Code 9–24–9–4(a) when Decedent had applied for her operator's license. Similarly, Clark named Father as a defendant because he had agreed to be jointly and severally responsible for any liability Brother might incur.

Ultimately, the trial court granted summary judgment in favor of all defendants. This appeal ensued. In our decision below, we will address each defendant in turn. Additional facts are supplied as necessary.

## DECISION

■ When reviewing the grant of summary judgment, we face the same issues and follow the same process as did the trial court. *Underwood v. City of Jasper Municipal Utility*, 678 N.E.2d 1280, 1282 (Ind.Ct.App. 1997). Although the party which appeals the grant of summary judgment bears the burden to persuade us that the grant of summary judgment was erroneous, we carefully scrutinize the trial court's decision to assure that the party which opposed summary judgment was not improperly denied its day in court. *Id.* Summary judgment is appropriate only if the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* The movant bears the burden to prove the non-existence of a genuine issue of material fact. *Id.* If the movant sustains this burden, the opponent may not rest upon the pleadings but must set forth specific facts which show that there is a genuine issue for trial. T.R. 56(E). *Id.* If any doubt exists, we resolve the motion in favor of the party which opposed it. *Id.*

### I.

#### *Decedent's "Estate"*

Clark had filed her lawsuit just before the two-year statute of limitations applicable to tort actions was to expire and had simply named the "Estate of Andrea E. Slavens" as a defendant. At that point, no estate had been opened for Decedent.

After the two-year statute of limitations expired, Clark filed additional pleadings in an attempt to open an estate for Decedent and moved that Clark's attorney be appointed as Decedent's personal representative. Clark next filed a motion to substitute the "Es-

tate's" personal representative as a party defendant in place of the "Estate of Andrea E. Slavens" as had been named in her complaint.

Slavens' attorney moved for summary judgment on behalf of the Estate based upon the two-year tort statute of limitations. The trial court granted the motion. Clark argues that her claim fell within the statute of limitations because her amended complaint related back to the date of the original complaint pursuant to Ind.Trial Rule 15(C). We disagree.

As we begin our discussion, we note that no estate need have been opened at all for Decedent. One treatise accurately addresses the matter as follows:

> Those responsible for winding up the affairs of the decedent have several alternative roads to follow. Which one is taken depends upon the extent and nature of the decedent's debts, the extent and nature of the decedent's assets, and the intended disposition of the decedent's property.

> The two major roads are formal and informal administration.... Informal administration does not involve the appointment of a personal representative or the giving of notice. Informal administration, as the term is used here, really means no administration.

> Informal administration may occur because the decedent's successors do nothing after the decedent's death. If no interested party petitions for the appointment of a personal representative, then no personal representative will be appointed, and no administration will occur. The decedent's successors may pay the decedent's debts and divide the property among themselves. If the successors do not pay the decedent's debts, a creditor might petition for the opening of formal administration in order to avoid the effect of I.C. 29–1–14–1(d), which provides that claims are barred if administration is not opened within one year after death.

1 DEBRA A. FALENDER, HENRY'S INDIANA PROBATE LAW AND PRACTICE § 401, 167–168 (8th ed. 1989) (footnotes omitted).

The pertinent portions of I.C. 29–1–14–1, the statute mentioned above, read as follows:

> Except as provided in IND.CODE 29–1–7–7, *all claims against a decedent's estate,* other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, *shall be forever barred* against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, *unless filed with the court in which such estate is being administered* within:
>
> (1) five (5) months after the date of the first published notice to creditors; or
> (2) three (3) months after the court has revoked probate of a will, in accordance with IND.CODE 29–1–7–21, if the claimant was named as a beneficiary in that revoked will;
>
> whichever is later.
>
>     \*     \*     \*     \*     \*     \*
>
> (d) *All claims barrable under subsection (a) shall be barred if not filed within one (1) year after the death of the decedent.*
>
>     \*     \*     \*     \*     \*     \*
>
> (f) *Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action. A tort claim against the estate of the tort feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of the tort.* Any recovery against the tort feasor's estate shall not affect any interest in the assets of the estate unless the suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions.

(Emphasis added).

Under I.C. 29–1–7–4, any "interested person" may petition the court having jurisdic-

tion of the administration of a decedent's estate for the appointment of an administrator for the estate of any person who has died without having made a will. "Interested persons" means heirs, devisees, spouses, creditors, or any others having a property right in or claim against the estate of a decedent being administered. I.C. 29–1–1–3.

▊ In the present case, however, by the time Clark had petitioned the court for the appointment of a personal representative, the statute of limitations had already run. Thus, we must conclude that, at that point, Clark no longer had a viable claim against Decedent's estate which she could have asserted. Accordingly, after the tort statute of limitations had run, Clark was no longer an "interested person" who had standing to open a estate under I.C. 29–1–7–4. Inasmuch as Clark had no standing to open an estate for Decedent after the tort statute of limitations had expired, the "Estate" may not be afforded any legal recognition and, Clark's attempt to substitute the "Estate" for the one named in the complaint accomplished nothing. Thus, Clark's amended complaint did not relate back to the date of the filing of the original complaint under Ind.Trial Rule 15(C).

▊ Moreover, Clark is not saved by having placed the name the "Estate of Andrea E. Slavens" on her original complaint because no formal estate for Decedent existed at that time or at any time during the period contemplated in the statute of limitations. We note that:

> Prior to the entry of the court's order appointing a personal representative, the estate of a decedent has no standing as a legal entity. It can neither sue nor be sued nor hold title to nor possession of personalty.

1 FALENDER, HENRY'S INDIANA PROBATE LAW AND PRACTICE § 601, 236 (footnotes to authorities omitted). As noted in *Langston v. Estate of Cuppels by Miller*, 471 N.E.2d 17 (Ind.Ct.App.1984), *trans. dismissed*:

> [Indiana Code 29–1–14–1(f) ] allows a claimant to open the decedent tortfeasor's estate during the applicable tort statute of limitations. Therefore, as long as the es-

tate of a decedent tortfeasor is opened and a personal representative appointed within the statute of limitations, a tort action is not barred.

*Id.* at 20.

Inasmuch as no formal or proper estate with a personal representative had ever existed within the two-year tort statute of limitations, any claim Clark may have had against the Decedent or her estate is barred. Therefore, Clark's tort action is barred and, the trial court correctly granted summary judgment in favor of the "Estate."

## II.

### *Mother*

Clark claims that Mother is jointly and severally liable for Clark's injuries regardless of whether she commenced a viable lawsuit against the Decedent or the Decedent's estate. Again, we must disagree.

▊ Mother had agreed to be jointly and severally responsible for the liability of Decedent under I.C. 9–24–9–4(a) which reads:

> An individual who signs an application for a permit or license under this chapter agrees to be responsible jointly and severally with the minor applicant for any injury or damage that the minor applicant causes by reason of the operation of a motor vehicle if the minor applicant is liable in damages.

When we construe a statute, our foremost duty is to determine and give effect to the true intent of the legislature. *Indiana Department of Human Services v. Firth*, 590 N.E.2d 154, 157 (Ind.Ct.App.1992), *trans. denied*. We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Id.*

▊ The statute, set out above, ends with the phrase "if the minor applicant is liable in damages." The plain and ordinary meaning of the statute shows that the responsibility of the signator depends upon the liability of the minor. We have noted that, with respect to the predecessor of the statute:

The clear language of the statute makes the license application signator responsible for damage caused by the applicant and for which the applicant is liable. If the applicant is not 'liable in damages' the statute is inoperative.

*Wenisch v. Hoffmeister,* 168 Ind.App. 247, 251, 342 N.E.2d 665, 667 (1976).

As noted under Issue I, the trial court properly granted summary judgment in favor of the minor Decedent's "Estate" based upon the statute of limitations. As Mother's responsibility under I.C. 9–24–9–4(a) is dependent upon the liability of Decedent (or her "Estate"), Mother may not now be held responsible for Decedent's negligence under I.C. 9–24–9–4(a).

■ As for any other theory under which Mother might be held responsible, we find the following instructive:

It appears that a creditor of the estate has no cause of action against an heir or devisee who has property of the deceased in his possession even though such heir or devisee has title. Only a duly authorized personal representative can recover assets from a person in possession. A creditor must therefore have administration opened within a year after death in order to realize payment of his debt.

Those obligations excepted under I.C. 29–1–14–1(f) are of course in a different class, but even these excepted debts, unless secured by liens, can be collected only by a personal representative.

1 FALENDER, HENRY'S INDIANA PROBATE LAW AND PRACTICE § 405, 198.

■ As discussed under Issue I, Clark did not seek the appointment of a personal representative under formal administration procedures until after the applicable tort statute of limitations had expired. Accordingly, neither Decedent's "Estate" nor Mother may be held responsible for Decedent's negligence. Accordingly, the trial court correctly granted summary judgment in Mother's favor.

### III.

### Brother

Through his designated materials, Brother has consistently sworn that Decedent, and not he, was driving the car at the time of the accident. Clark claims that a genuine issue of material fact exists on this issue. Again, we must disagree.

■ In her affidavit, Clark stated that either Brother or Decedent had been driving but that it "appeared" and she "believed" that Brother had been the driver. R. at 75–76. Other than these mere assertions, Clark, does not explain how she arrived at this conclusion. Conclusory and self-serving statements such as these are insufficient to create a genuine issue of material fact to preclude the grant of summary judgment. *See Raymundo v. Hammond Clinic, Ass'n,* 449 N.E.2d 276, 282 (Ind.1983) (transparent contentions and self-serving statements are insufficient to preclude summary judgment).

Additionally, Clark's affidavit is contradicted by her own statement, made approximately one month after the accident, in which she admits that she did not observe any faces immediately before the accident and that she "did not see the driver of the car." R. at 98. Thus, Clark's affidavit is insufficient to create a genuine issue of material fact on this issue. *See City of Indianapolis v. King,* 485 N.E.2d 630, 632 (Ind.1985) (Party may not establish a genuine issue of material fact by giving contradicting stories).

■ Nevertheless, Clark contends that the contents of the exhibits produced by Trooper Pratt create a genuine issue of material fact. Trooper Pratt's initial accident report indicates that Brother was the driver of the vehicle. However, Trooper Pratt later explained in his supplemental report that the only reason he listed Brother as the driver was because Clark had told him shortly after the accident that she had observed Decedent in the passenger's seat immediately before the accident. As stated above, Clark rescinded her prior statement. Thus, the evidence of Trooper Pratt's accident reports support his ultimate conclusion that Clark "has no idea who was driving." R. at 97.

Further, the remaining evidence can lead only to the conclusion that Decedent had been driving when the accident occurred. Earl Heide, one of the first emergency per-

sonnel to arrive at the accident scene, stated that he had observed Brother buckled in the front seat "on the passenger's side" and that both Brother and Decedent had been unconscious. R. 99, 114. Finally, the Slavens' neighbor, Dawn Padgett, stated that on the morning of the accident, she observed Decedent enter the driver's side of the car and Brother get into the passenger's seat. R. at 101.

Based on the above, we must conclude that Clark has failed to rebut Brother's designated evidence that the Decedent, and not he, had been the driver. Accordingly, Clark has failed to meet her burden of persuading this court that the trial court's entry of summary judgment in Brother's favor was erroneous. Therefore, we find no error.

## IV.

### *Father*

As noted under Issue II, the responsibility of the signatory under I.C. 9–24–9–4(a) is dependent upon the liability of the minor. As summary judgment has appropriately been entered in favor of Brother, the trial court correctly entered summary judgment in favor of Father as well.

Judgment affirmed.

BAKER and NAJAM, JJ., concur.