**INDIANA FARMERS MUTUAL INSURANCE COMPANY,**
Appellant–Intervenor,

v.

**Kevin RICHIE, Appellee–Plaintiff,**

v.

**Louis D. EVANS, Special Administrator of the Estate of Leanne M. Smith, Deceased, Amanda J. Popejoy, Stephen Popejoy and Chris Popejoy, Appellees–Defendants.**

No. 12A05–9711–CV–467.

Court of Appeals of Indiana.

June 3, 1998.

Michael J. Stapleton, Brenda M. Clapper, Ball, Eggleston, Bumbleburg, McBride, Walkey & Stapleton, P.C., Lafayette, for Appellant–Intervenor.

Ralph E. Dowling, Wilson Kehoe & Winingham, Indianapolis, for Appellees–Defendants.

## OPINION

GARRARD, Judge.

### Case Summary

Indiana Farmers Mutual Insurance Company ("Farmers") appeals an order denying its motion for summary judgment.

### Issue

Although Farmers presents two arguments in support of its assertion that summary judgment should have been granted in its favor, we examine only one dispositive issue: Does an amended complaint filed more than three months after the expiration of the two year statute of limitations, which substitutes for the deceased tortfeasor a special administrator who was not timely appointed under Indiana Code Section 29–1–14–1(f), relates back to the date of the original complaint under Indiana Trial Rule 15(C)? [1]

### Facts and Procedural History

On October 16, 1994, Leanne Smith died as a result of an automobile accident involving her car and Kevin Richie's car. On October 16, 1996, Richie filed a complaint against "Leanne M. Smith, (deceased)" for personal injuries he sustained in the accident two years previously. On November 18, 1996, Farmers filed a motion to intervene in Richie's action. Farmers asserted that: (1) as Smith's insurer, it had an interest in the action; (2) because no estate for Smith had been opened at that time, Farmers' interest was not adequately represented; and (3) it wished to file a motion for summary judgment. The trial court granted Farmers' intervention motion the same day it was filed. Also that day, Farmers filed its motion for summary judgment asserting that Richie's claim was barred due to the expiration of the statute of limitations prior to Smith's estate having been opened. Richie was ordered to file a response and any opposing affidavits on or before December 30, 1996.

On February 7, 1997, Richie filed a motion for extension of time in which to respond to the summary judgment motion and filed a petition for the appointment of a special administrator for Smith. Smith's estate was opened that day and Louis Evans was appointed special administrator. Also in February, Richie filed his response to Farmers' motion for summary judgment and filed a motion to amend which sought to change the defendant in his complaint from "Leanne M. Smith, (deceased)" to "Special Administrator of the Estate of Leanne M. Smith, deceased."

In a March 3, 1997 order, the trial court stated:

> ... Court notes [Richie's] Response [to Farmers' motion for summary judgement] is untimely pursuant to Indiana Rules of Trial Procedure and court is precluded from considering [Richie's] designated materials. On date originally scheduled for argument, Court only grants [Richie] additional time to file a Legal Memorandum regarding Motion.

> \* \* \*

> Court finds that Amended Complaint should be allowed, naming the Estate of decedent Leanne Smith.

> Court further finds that said Complaint, pursuant to T.R. 15 does relate back.

> Court finds that [Farmers'] Motion for Summary Judgment [is] no longer appropriate and should be denied, with case being determined on [its] merits.

Record at 77.

Thereafter, Farmers filed a motion to reconsider which the trial court took under advisement. After a hearing was held, the trial court denied the motion to reconsider and stated in a September 8, 1997 order:

> ... Court prematurely had denied [Farmers'] Motion for Summary Judgment prior to date permitted to file Response.... Court ... now finds:

> 1. That [Richie's] Amended Complaint should be allowed, substituting Estate of

---

1. Farmers' other argument in support of its assertion that summary judgment should have been granted in its favor was that Richie failed to respond, designate evidence, or request an extension within the time allotted by Trial Rule 56.

Leanne Smith for named [Defendant] Leanne Smith.

2. That said Amended Complaint, filed after the statute of limitations, does relate back to original filing as contemplated by T.R. 15.

3. That [Farmers] has not shown prejudice such that said Amended Complaint should not relate back....

Record at 122. Farmers then filed a petition for certification of appeal of interlocutory order and for stay of proceedings pending appeal, which the trial court granted. We granted Farmers' petition to entertain jurisdiction of this interlocutory appeal.

### Discussion and Decision

Upon review of the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court: summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *North Snow Bay, Inc. v. Hamilton*, 657 N.E.2d 420, 422 (Ind.Ct.App.1995). We may not search the entire record to support the judgment, but may only consider that evidence which has been specifically designated to the trial court. *Id.* The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *Id.*

The relevant portion of the probate code states:

(a) Except as provided in Ind.Code § 29-1-7-7, all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within:

(1) five (5) months after the date of the first published notice to creditors; or

(2) three (3) months after the court has revoked probate of a will, in accordance with Ind.Code § 29-1-7-21, if the claimant

was named as a beneficiary in that revoked will;

whichever is later.

\* \* \*

(d) All claims barrable under subsection (a) shall be barred if not filed within one (1) year after the death of the decedent.

\* \* \*

■ (f) Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action. A tort claim against the estate of the tort feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of the tort. Any recovery against the tort feasor's estate shall not affect any interest in the assets of the estate unless the suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions.

IND.CODE § 29-1-14-1. Part (f) of the above statute "allows a claimant to open the decedent tortfeasor's estate during the applicable tort statute of limitations. Therefore, as long as the estate of a decedent tortfeasor is opened and a personal representative appointed within the statute of limitations, a tort action is not barred." *Langston v. Estate of Cuppels by Miller*, 471 N.E.2d 17, 20 (Ind.Ct.App.1984), *trans. dismissed.*

Under Indiana Code Section 29-1-7-4, "[a]ny interested person ... may petition the court having jurisdiction of the administration of the decedent's estate ... [f]or the appointment of an administrator for the estate of any person dying intestate." The probate code defines "interested persons" as "heirs, devisees, spouses, creditors, or any others having a property right in or claim against the estate of a decedent being administered." IND.CODE § 29-1-1-3.

Richie did not petition the court for the appointment of a special administrator until over three months after the statute of limitations had already run on his personal injury action. Thus, we conclude that, at that point, Richie no longer had a viable claim against Smith's estate. After the tort statute of limitations had run, Richie was no longer an "interested person" who had standing to open an estate under Indiana Code Section 29–1–7–4. See *Clark v. Estate of Slavens,* 687 N.E.2d 246, 249–50 (Ind.Ct.App. 1997). In view of the fact that Richie had no standing to open an estate for Smith after the tort statute of limitations had expired, Smith's estate may not be afforded legal recognition.

Further, Richie's attempt to substitute "Special Administrator of the Estate of Leanne M. Smith, deceased" for "Leanne M. Smith, (deceased)" did not change matters. Richie's amended complaint did not relate back to the date of the filing of the original complaint under Trial Rule 15(C). *See Clark,* 687 N.E.2d at 250. Accordingly, Farmers' summary judgment motion should have been granted.

Reversed and remanded for entry of summary judgment against Richie.

HOFFMAN, J., concurs.

BAILEY, J., dissents and files separate opinion.

BAILEY, Judge, dissenting.

I respectfully dissent. Indiana Code § 29–1–14–1(f) does not apply to bar Richie's lawsuit to the extent he seeks to realize upon any casualty insurance proceeds available to indemnify against decedent's negligence, and does not seek to affect any interest in the assets of the estate. As noted in the majority, the relevant portion of the non-claims statute reads as follows:

> Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action. A tort claim against the estate of the tort feasor *may* be opened or re-opened and suit filed against the special representative of the estate within the period of the statute of limitations of the tort. *Any recovery against the tort feasor's estate shall not affect any interest in the assets of the estate unless the suit was filed within the time allowed for filing claims against the estate.* The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions.

IND.CODE § 29–1–14–1(f) (emphasis added). This section, which relates to claims of negligence, provides that: 1) negligence claims may be sued upon without first filing in the probate claims docket, and 2) such action may be instituted at any time within the period of the statute of limitations for negligence claims. HENRY'S PROBATE LAW & PRACTICE 1B, NON-CLAIM STATUTES § 10, p. 309 (7th ed.1978). If, however, the non-claim statute has otherwise run, a judgment in a negligence action cannot affect the distribution of the estate to the heirs, legatees or distributees. *Id.* "The significance of this clause is its effect against an insurance carrier of the decased [sic]." *Id.; Serban v. Halsey,* 533 N.E.2d 162, 163 (Ind.Ct.App. 1989) (where plaintiff's lawsuit seeks only insurance proceeds, it does not affect the assets of the estate). Under IND.CODE § 29–1–14–1(f), a belated tort claim cannot affect the distribution of the assets of the estate, but is limited to insurance coverage available to indemnify against decedent's negligence. 1B HENRY'S at 310. Or, stated another way, the judgment creditor may not share in the estate assets, but may realize upon any casualty insurance carried by the decedent. *Id.; Slater v. Stoffel,* 140 Ind.App. 131, 221 N.E.2d 688, 691 (1966) (IND.CODE § 29–1–14–1(f) provides that a negligence action may be pursued provided the recovery does not affect the distribution of estate assets), *trans. denied.*[2]

---

2. The cases of *Clark v. Estate of Slavens,* 687 N.E.2d 246 (Ind.Ct.App.1997), and *Pasley v. American Underwriters, Inc.,* 433 N.E.2d 838 (Ind.Ct.App.1982) are distinguishable from the present case because they do not address the insurance proceeds exception for negligence claims. However, I would respectfully disagree with these cases to the extent that they have been interpreted to exclude claims which do not affect any interest in estate assets.

In the present case, Richie's negligence claim was timely filed according to the ordinary rules of pleading and procedure in civil cases. The decedent's estate is only the nominal defendant because no claim has been made and no lawsuit has been filed seeking to recover against the estate assets. Nevertheless, Indiana Farmers now seeks, through intervention, to avoid its contractual obligation to indemnify against decedent's negligence.

Based on the above, Appellant–Intervenor Indiana Farmers Mutual Insurance Company is not entitled to summary judgment. Therefore, the trial court should be affirmed.