Robert **BURTON**, individually and as an agent and representative of Meese, Inc., and Meese, Inc., Appellants–Defendants,

v.

The **ESTATE OF** David **DAVIS**, Deceased by its Personal Representative, Roxann Davis, and Steve and Cari Ayler, Appellees–Plaintiffs.

No. 39A05–9910–CV–468

Court of Appeals of Indiana.

June 27, 2000.

Timothy L. Gray, Jeffrey L. Hansford, New Albany, Indiana, Attorneys for Appellants.

Merritt K. Alcorn, Heidi Kendall–Sage, Madison, Indiana, Attorneys for Appellees.

## OPINION

RATLIFF, Senior Judge

*STATEMENT OF THE CASE*

This appeal arises from the trial court's response to a motion by Defendants Robert Burton ("Burton"), individually and as an agent and representative of Meese, Inc., and Meese, Inc. ("Meese") asking the court to dismiss portions and strike a portion of the supplemental complaint filed by Plaintiff Estate of David Davis, by its personal representative, Roxann Davis (the "Estate").[1] Burton and Meese appealed the trial court's denial of portions of their motion and, in a separate appeal, the Estate appealed the grant of a portion of the motion. The two appeals have been consolidated for our review.

We affirm in part and reverse in part.

## *ISSUES*

Burton and Meese raise one multi-part issue for our review. For purposes of clarity, we restate the issue as four separate issues (Issues I–IV). The Estate raises one issue, which we restate below as Issue V.

I. Whether the Estate had standing to bring an action for intentional interfer-

ence with civil litigation by spoliation of evidence.

II. Whether the trial court erred in denying Burton and Meese's motion to dismiss the Estate's claim for intentional interference with civil litigation by spoliation of evidence.

III. Whether the trial court erred in denying Burton and Meese's motion to dismiss the Estate's claim for negligent hiring and retention of Burton contributing to the spoliation of evidence.

IV. Whether the trial court erred in not striking the Estate's claim for punitive damages.

V. Whether the trial court erred in granting Burton and Meese's motion to dismiss the Estate's claim for negligent hiring and retention of Burton resulting in Davis's death.

*FACTS AND PROCEDURAL HISTORY*

On October 20, 1997, vehicles driven by David Davis ("Davis") and Burton collided in Jefferson County. Immediately before the collision, Davis was driving a Ford Aerostar in a northerly direction near an intersection with the exit drive for the Madison Recycling Center. At the same time, Burton was operating a Meese vehicle and was attempting to exit the recycling center. Davis died in the collision.

The Estate filed a complaint alleging that the accident and Davis's wrongful death were caused by the acts and omissions of Burton and Meese.[2] The Estate subsequently filed a supplemental complaint alleging (1) that Burton committed the act of intentional interference with civil litigation through spoliation of evidence when he "willfully, maliciously, and intentionally moved [Meese's] truck from its final rest position after impact, with [Davis's] van attached, in an effort to deceive and mislead the accident investiga-

---

1. Steve and Cari Ayler are also named as plaintiffs for the sole purpose of pursuing a property damage claim. (R. 57). They are not parties to this appeal.

2. The wrongful death statute is currently codified as Ind.Code § 34–23–1–1. At the time of the collision and the filing of the complaint, the statute was codified as Ind.Code § 34–1–1–2.

tion and cover-up important potential evidence of the collision, i.e., initial point of impact and the final rest position of the vehicles"; (2) that Meese negligently hired and retained Burton, contributing to the alteration of the collision scene by Burton; and (3) that Meese negligently hired and retained Burton, contributing to Davis's death. (R. 21–22).

Burton and Meese filed a motion to dismiss the supplemental complaint pursuant to Ind.Trial Rule 12(B)(6).[3] The trial court granted the motion as it applied to the Estate's allegation that Meese's alleged negligent hiring and retention of Burton contributed to Davis's death. The basis for the grant was the trial court's belief that the claim was for personal injury, and that the claim was precluded by the survival statute and subsumed by the wrongful death statute. The trial court denied the motion as it pertained to the spoliation claims. The trial court refused to strike the Estate's punitive damage claims.

*DISCUSSION AND DECISION*

STANDARD OF REVIEW

■ A motion to dismiss pursuant to T.R. 12(B)(6) tests the legal sufficiency of a claim, not the facts supporting the claim. *Hosler v. Caterpillar, Inc.*, 710 N.E.2d 193, 196 (Ind.Ct.App.1999), *trans. denied.* When reviewing a trial court's decision on a motion to dismiss pursuant to T.R. 12(B)(6), this court must accept all factual allegations in the plaintiff's complaint as true. Further, we must draw every reasonable inference in the plaintiff's favor from the alleged facts. *Thompson v. Owensby*, 704 N.E.2d 134, 136 (Ind.Ct.App. 1998), *trans. denied.* The dismissal of a complaint is appropriate only where it appears to a certainty that the Plaintiff would not be entitled to relief under any set of facts. *Gray v. Westinghouse*, 624

N.E.2d 49 (Ind.Ct.App.1993), *trans. denied.*

I. STANDING

■ Burton and Meese contend that the Estate lacks standing to bring the action for the tort of intentional interference with civil litigation by spoliation of evidence (the "spoliation claim"). Specifically, Burton and Meese argue that (1) the authority of the personal representative of the Estate, Roxann Davis, is limited in a wrongful death action to whatever remedies were available to the victim, and (2) the Estate has no personal stake in the outcome of the litigation on the spoliation issue.

■ The doctrine of standing focuses on whether the complaining party is the proper party to invoke the trier of fact's jurisdiction. *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind.1993). The standing requirement mandates that courts act in real cases, and eschew action when called upon to engage in abstract speculation. *Pence v. State*, 652 N.E.2d 486, 488 (Ind.1995). The doctrine operates as a restraint on the exercise of jurisdiction in that the trier of fact cannot proceed where there is no demonstrable injury to the complaining party. *Bennett v. Indiana Life and Health Insurance Guaranty Association*, 688 N.E.2d 171, 176 (Ind.Ct. App.1997), *trans. denied.* In order to establish standing, a plaintiff must show that he has sustained, or was in immediate danger of sustaining, some direct injury as a result of the conduct at issue. *Id.*

■ Burton and Meese are correct in their first argument insofar as it pertains to a personal representative bringing a wrongful death action. The personal representative in the present case, however, is bringing the Estate's spoliation claim as an independent action. The personal representative has authority "to maintain any

---

**3.** T.R. 12(B)(6) provides for dismissal for failure to state a claim upon which relief can be    granted.

suit in any court of competent jurisdiction, in [her] name as personal representative, for any demand of whatever nature due to the decedent or to his estate...." Ind. Code § 29–1–13–3. Under the facts alleged in the supplemental complaint, Burton and Meese caused spoliation of evidence. Because it is the Estate which is damaged by spoliation, such spoliation, if proven, would provide the basis for a demand by the Estate for any damages resulting therefrom. Furthermore, such damages are indicative of the Estate's "personal stake" in the outcome of this action.[4]

■ Burton and Meese also contend that the Estate cannot have a "personal stake" in the outcome this action because the Estate did not exist as a legal entity at the time the alleged act of spoliation occurred. In support of this contention, Burton and Meese cite *Clark v. Estate of Slavens*, 687 N.E.2d 246 (Ind.Ct.App.1997).

*Clark* was abrogated by our supreme court in *Indiana Farmers Mutual Insurance Co. v. Richie*, 707 N.E.2d 992 (Ind. 1999). The gist of Burton and Meese's argument, however, is based upon the *Clark* court's reliance on a statement in 1 FALENDER, HENRY'S INDIANA PROBATE LAW AND PRACTICE § 601, p. 236, wherein it was stated that prior to the entry of a trial court's order appointing a personal representative, the estate has no standing as a legal entity to sue or be sued. We do not believe this statement stands for the proposition that an estate is not damaged by the spoliation of evidence which occurs before a personal representative is appointed. Instead, the statement provides that the estate may not sue for damages caused by spoliation before such appointment.

## II. INDEPENDENT TORT OF SPOLIATION

■ Burton and Meese contend that the trial court erred in not granting their T.R. 12(B)(6) motion to dismiss the supplemental complaint as it applied to the Estate's spoliation claim. Burton and Meese argue that the Estate's sole remedy is found in the wrongful death statute.

■ The right of a party to pursue an independent action for spoliation of evidence has been recognized in Indiana. *See Thompson, id.; Murphy v. Target Products*, 580 N.E.2d 687 (Ind.Ct.App.1991), *trans. denied; Levinson v. Citizens National Bank of Evansville*, 644 N.E.2d 1264 (Ind.Ct.App.1994), *trans. denied.* In determining whether a spoliation action can withstand a T.R. 12(B)(6) challenge, we have referred to case law which analyzes duty issues. In *Thompson*, where the spoliation action was filed against a third party insurer, we first determined whether the insurer owed a duty to the plaintiff to refrain from destroying evidence. In so doing, we analyzed three main factors: (1) the relationship between the parties, (2) the reasonable foreseeability of the type of harm to the type of plaintiff at issue, and (3) the public policy promoted by recognizing an enforceable duty. *Thompson*, 704 N.E.2d at 136 (*citing Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991)).

■ Here, there is a direct relationship between the Estate, as plaintiff, and Burton and Meese, as the parties who allegedly caused spoliation of evidence. Thus, the relationship weighs heavily "in favor of recognizing a cognizable duty to maintain evidence." *Id.* at 137. It is reasonable to conclude that litigation was foreseeable at the time Burton backed up his vehicle. It should come as no surprise to a motorist who negligently caused a

---

4. Burton and Meese contend on appeal that the language of the probate court's appointment of the personal representative must be interpreted to limit the personal representative to pursuit of the wrongful death claim.

An issue cannot be raised for the first time on appeal, and Burton and Meese's contention is therefore waived. *See McClendon v. State*, 671 N.E.2d 486, 489 (Ind.Ct.App.1996).

vehicular accident that his negligence will result in litigation and that the evidence at the accident scene will be a focus of that litigation. It is also a matter of public concern that negligent parties be restrained from destroying or altering key evidence. As we held in *Thompson*, "in Indiana, persons may be held accountable for their actions within the bounds of a factfinder's determination of reasonableness." 704 N.E.2d at 139.

Burton and Meese point to language in *Murphy* which seeks to limit a party's pursuit of an action for spoliation. In *Murphy*, we held that "at least in the absence of an independent tort, contract, agreement, or special relationship imposing a duty to the particular claimant, the [spoliation] claim is not and ought not be recognized in Indiana." 580 N.E.2d at 690. It is the presence of the direct relationship of the parties, the reasonable foreseeability of the litigation and the public concern that the spoliation of evidence by negligent parties not be condoned, coupled with the recognition of a spoliation claim against a third party in *Thompson*, which convinces us that the Estate is entitled to pursue this action.

■ As we noted above, Burton and Meese fail to recognize that the Estate is bringing the spoliation claim as an independent action. The spoliation of evidence allegedly occurred after Davis's death, and the party incurring damage is the Estate. Therefore, neither the wrongful death nor

the survival statute would apply to prevent the Estate from seeking to prevent Burton and Meese from benefiting from the spoliation of evidence. Furthermore, it is the Estate's prerogative to pursue a tort action rather than seeking a discovery sanction or availing itself of an evidentiary inference.[5] *Id.* at 140. By exercising this prerogative, the Estate has accepted the burden of proving that Burton and Meese breached their duty to refrain from changing the accident scene, that the Estate was harmed by the breach, and that the harm resulted in damages that can be proven with reasonable specificity.[6]

## III. NEGLIGENT HIRING AND RETENTION CONTRIBUTING TO SPOLIATION

■ Meese contends that the trial court erred in not granting its T.R. 12(B)(6) motion to dismiss the Estate's claim that spoliation of the evidence was caused by Meese's negligent hiring and retention of Burton.[7] Meese argues that Ind.Code § 34-9-3-4 prohibits the Estate from recovering this "personal injury claim."[8]

■ In analyzing Ind.Code § 34-9-3-4, we must first look to Ind.Code § 34-9-3-1, which provides that a cause of action for personal injury to the deceased party survives the party "only to the extent provided in this chapter." Ind.Code § 34-9-3-4 provides that when a person receives

---

**5.** In *Porter v. Irvin's Interstate Brick & Block Co.*, 691 N.E.2d 1363, 1364–65 (Ind.Ct.App. 1998), we recognized a party's right to obtain an evidentiary inference against the party who spoliated evidence. Courts in other jurisdictions have addressed the issue by imposing discovery sanctions. *See e.g., American Family Insurance Co. v. Village Pontiac–GMC, Inc.*, 223 Ill.App.3d 624, 166 Ill.Dec. 93, 585 N.E.2d 1115, 1118 (1992).

**6.** In its appellate brief, the Estate defined its damage claim as the cost of retaining additional experts and conducting additional discovery occasioned by the spoliation of evidence. The Estate has also made a claim for punitive damages.

**7.** In order to prevail on a theory of negligent hiring, the plaintiff must show that the defendant employer negligently retained an employee who the defendant knew was in the habit of "misconducting himself." *Levinson*, 644 N.E.2d at 1269.

**8.** Burton and Meese cite *Culver–Union Township Ambulance Service v. Steindler*, 611 N.E.2d 698, 704 (Ind.Ct.App.1993) (interpreting Ind.Code § 34-1-1-1, the predecessor to Ind.Code § 34-9-3-4), in support of their contention. This case has been vacated as it applies to this issue. *See Culver–Union Township Ambulance Service v. Steindler*, 629 N.E.2d 1231 (Ind.1994).

personal injuries caused by the wrongful act or omission of another and the person subsequently dies from causes other than those personal injuries, the personal representative of the decedent "may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived." When read in conjunction, the statutes provide that personal injury claims do not survive death unless the death is occasioned by causes other than those alleged as the basis for the personal injury claim.

Under the survival statutes, the Estate is prohibited from seeking damages for the personal injuries that resulted in Davis's death; a claim for personal injuries must be sought pursuant to the wrongful death statute. However, the Estate is not prevented from raising the spoliation issue in an attempt to recoup its damages from Burton's spoliation of evidence. Because the Estate may recover for such damages, the trial court was correct in not granting the motion to dismiss.

## IV. PUNITIVE DAMAGES

Burton and Meese contend that the trial court erred in not striking the Estate's claim for punitive damages. They cite *Andis v. Hawkins*, 489 N.E.2d 78 (Ind.Ct. App.1986), and similar cases, in support of their contention. These cases stand for the proposition that punitive damages do not accomplish the singular purpose of the wrongful death statute to compensate surviving spouses and/or dependents for pecuniary loss.

After reviewing the statute and the case law, we conclude that the Estate is entitled to pursue its claim for punitive damages. We arrive at this conclusion for a number of reasons. First, the language of the statute allows for the recovery of punitive damages. Second, *Andis* and like cases are of dubious value. Third, Burton and Meese have defined the purpose of the statute too narrowly.

■ The wrongful death statute provides in pertinent part that the damages recovered by surviving spouses and/or dependents "include, *but [are] not limited to,* reasonable medical, hospital, funeral and burial expenses, and lost earning[s]." Ind. Code § 34–23–1–1, formerly Ind.Code § 34–1–1–2 (emphasis supplied). There is nothing in the statute which prohibits the award of punitive damages, an omission which is significant given the legislature's exclusion of punitive damages from the specific list of damages available in the statute governing the wrongful death of children (Ind.Code 34–23–2–1(e)) and the specific exclusion of punitive damages in the statute governing recovery by non-dependent survivors of unmarried adults (Ind.Code § 34–23–1–2(c)(2)). When the legislature intends to exclude punitive damages, it does so in an exact manner. The lack of an exact prohibition in the general wrongful death statute indicates that the legislature does not intend to prevent surviving spouses and/or dependents from pursuing a claim for punitive damages.

We do not give any weight to *Andis* and like cases cited by Burton and Meese. These cases rely on an incomplete understanding of *Lindley v. Sink*, 218 Ind. 1, 14–15, 30 N.E.2d 456, 461 (1940), a case which, in setting forth the purpose of the wrongful death statute as it pertains to the award of damages generally, did not address punitive damages. Furthermore, we believe that the survey of case law from other jurisdictions found within *Andis* fails to reflect the status of current state law.

■ Burton and Meese are correct in stating that the wrongful death statute is intended to compensate surviving spouses and/or dependents for pecuniary loss. Burton and Meese err, however, in stating that compensation is the sole purpose of the statute. In addition to compensation of survivors, the wrongful death statute is designed to ensure that wrongful death defendants face the same liability as per-

sonal injury defendants. *See In re Estate of Pickens v. Pickens,* 255 Ind. 119, 263 N.E.2d 151, 157 (1970). This allows for the recovery of punitive damages, and remedies the "unconscionable results reached in litigation under the common law whereby it was financially less burdensome to tortfeasors to kill than merely to maim their victims." *Id. (quoting Mosier v. Carney,* 376 Mich. 532, 561, 138 N.W.2d 343, 353 (1965)).

The upshot is that a plaintiff is entitled to pursue a claim for punitive damages in a wrongful death action.[9] Thus, we hold that the trial court did not err in refusing to strike the Estate's request for punitive damages.

## V. NEGLIGENT HIRING AND RETENTION CONTRIBUTING TO DEATH

■ The Estate contends that the trial court erred in dismissing its claim that Meese should be held liable for the negligent hiring and retention of Burton which contributed to Davis's death. The trial court based its dismissal upon its belief that the Estate's claim was intended to be an independent claim for physical injuries under the survival statute. Given the somewhat confused nature of some of the Estate's arguments below and on appeal, it is understandable that the trial court would come to this belief. To the extent that the Estate is trying to raise an independent claim under the survival statute, we affirm the dismissal under the reasoning set forth in Issue III above. However, it is apparent that the Estate also has attempted to raise this claim against Meese under the wrongful death statute as an alternative to securing judgment against Meese on the basis of respondeat superior. To the extent that the claim is raised as an alternative under the

wrongful death statute, we hold that dismissal is not proper.

■ Meese argues that a claim for negligent hiring and retention is of no value where there is no factual question as to whether Burton was acting in the scope of his employment. Indeed, we held in *Tindall v. Enderle,* 162 Ind.App. 524, 320 N.E.2d 764, 768 (1974), that a separate claim for negligent hiring of an employee is of no value where the employer has stipulated that his employee was acting within the scope of employment. This is because the doctrine of respondeat superior provides the vehicle for recovering damages resulting from acts of negligence committed by an employee acting with the scope of employment. *Id.* Proof of additional elements of negligent hiring under such circumstances would not be relevant to the issues in dispute, would be wasteful of the court's time, and may be unnecessarily confusing to the jury. *Id.* However, where, as here, the plaintiff is seeking an assessment of punitive damages then an alternative claim for negligent hiring is of great value. *See Levinson,* 644 N.E.2d at 1269. "The sole possible advantage to the pursuit of a negligent hiring theory in cases such as that before us would be the potential assessment of punitive damages." *Id. (citing Tindall ).* Because the Estate is seeking punitive damages from Meese, pursuit of the alternative theory of negligent hiring and retention is proper.

## CONCLUSION

The trial court was correct in denying Burton and Meese's T.R. 12(B)(6) motion as it applied to the spoliation claims. The trial court was also correct in not striking the Estate's punitive damage claim. Furthermore, to the extent that the Estate was attempting to raise negligent hiring and retention resulting in death as an independent claim, the trial court was cor-

9. We note that a recent Court of Appeals opinion discussing this issue, *Durham v. U–Haul International,* 722 N.E.2d 355 (Ind.Ct. App.2000), has been accepted on transfer and cannot be cited as authority. However, the thorough analysis included in the opinion is informative and consistent with our conclusions in this case.

rect in granting dismissal. However, to the extent the claim is raised as an alternative to respondeat superior under the wrongful death statute, the claim is not subject to dismissal.

Affirmed in part and reversed in part.

RILEY, J., and DARDEN, J., concur.